CASE 91—ACTION BY J. H. BUTTON AGAINST THE CITY OF LOUISVILLE FOR AN INJUNCTION TO RESTRAIN THE COLLECTION OF CERTAIN TAXES.—OCTOBER 6.

# City of Louisville v. Button.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION, NO. 1— SHACKELFORD MILLER, JUDGE.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

TAXES—LEVY BY CITY—DESIGNATING PURPOSES—USE FOR PURPOSE NOT DESIGNATED.

Under Const., sec. 180, and Ky. St. 1903, sec. 2980, providing that no tax shall be levied by a city without designating in the levy the purpose for which it is to be applied, and that no tax levied for one purpose shall be applied to another; section 2981, providing that in an ordinance fixing the tax rate for any year

City of Louisville v. Button.

the levy shall be subdivided for the following purposes: for schools for sinking fund, for police purposes, for sprinkling streets for general purposes and for a number of other specified purposes; and section 2816, leaving to the discretion of the city the levies to be made each year for the enumerated purposes—a levy ordinance subdividing the levy among a number of such enumerated purposes, but making no mention of "street sprinkling," will not be considered to have embraced a levy for that purpose under the head of "general purposes," so that no part of the levy can be used for street sprinkling.

H. L. STONE, CITY ATTORNEY FOR APPELLANT.

For the appellant and the information of the court it may be stated that the main legal question involved in this appeal is whether or not the general council of the city of Louisville can by resolution authorize and direct the board of public works to sprinkle the streets of said city, or any of them, and appropriate a sum sufficient to pay therefor, out of the fund arising from the levy for general purposes, when the statute authorizes a levy for street sprinkling, which was not in the levy ordinance for the current year.

The construction placed upon its own powers by the general council is entitled to some weight at least in construing the true intent and meaning of the statute pertaining to the objects for which specific levies may be made.

LANE & HARRISON, ATTORNEYS FOR APPELLEE.

The different purposes for which taxes may be assessed, levied and collected by cities of the first class, are specifically enumerated in the statute, and this enumeration excludes the power to levy or collect taxes unless the purpose is specified.

### AUTHORITIES CITED.

Constitution sec. 180; Ky. Statutes, secs. 2980, 2982, 2816, 2820, 2821, 2825; City of Somerset v. Bank, 22 R., 1132; Cahill v. Perine, 20 R., 1457; Krakel v. Neumeyer, 23 R., 196; Board of Directors v. Board of Trustees, 24 R., 98.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

The levy ordinance for 1904 passed by the common council of the city of Louisville made no provision for street sprink-

ling. Of the total levy of $1.86 on each $100, 33 1-4 cents were allotted for schools, 25 cents for fire department, 11 1-4 cents for street and sewer cleaning, 10 cents for reconstruction of streets, 5 cents for street repairs, one-half of one cent for construction and repair of sewers, 4 1-2 cents for the House of Refuge, 9 cents for charitable institutions, 6 cents for parks, 4 cents for library, 36 1-4 cents for general purposes, one-half of one cent for firemen pension fund, and one-fourth of one cent for the Board of Children Guardians. Notwithstanding it is alleged that appellant had set apart about $15,000 derived from the 36 1-4 cents levy for general purposes, to be used in sprinkling the streets of the city. Section 180 of the Constitution, as well as section 2980, Ky. St., 1903, require that no tax shall be levied by a municipal legislative body without designating in the levy ordinance the purpose for which it is to be applied. They likewise provide that no tax levied for one purpose shall ever be applied to another. By section 2981, Ky. St., 1903, pertaining to cities of the first class, it is provided: "In the ordinance fixing for any year the tax rate, the general council shall sub-divide its levy as follows: A levy for schools, a levy for the sinking fund, a levy for police purposes, a levy for fire department, a levy for street and sewer cleaning, a levy for sprinkling streets, a levy for reconstruction of streets, a levy for street repairs, a levy for construction and repair of sewers, a levy for the House of Reform, a levy for library purposes, and a levy for general purposes, and a deficit tax. The general council shall cause the foregoing levies to be made for the purposes stated by an ordinance fixing the tax rate each year." It is left to the discretion of the council and mayor as to what levies shall be made each year for the purposes enumerated. Section 2816, Ky. St., 1903. In the ab-

.sence of a legal debt for which the law compels the council to provide the means of payment, the city would not be bound to furnish many of the governmental facilities which its charter authorizes it to do. The question then narrows itself down in this case to the one whether "'street sprinkling" is embraced in the term "general purposes." Without undertaking to define here what may be included in the latter term, we are clear that its being enumerated with some dozen other divisions, each of which is required to be provided for expressly, if at all, negatives the proposition that one embraces the other. For, if that were true, it would be within the power of the council to levy the whole tax under the head of "general purposes," defeating entirely the motive of the legislation requiring a particularization of subjects for which taxes are to be levied. The attempted deflection of the "general purpose" fund complained of was illegal, and was therefore properly enjoined.

Judgment affirmed.