## ADAMS·v. BOARD OF COM'RS OF GARFIELD COUNTY *et al.*

### No. 4499. Opinion Filed February 11, 1913.

#### (130 Pac. 148.)

1. **COUNTIES—Levy of Taxes—Validity—Injunction.** The excise board of a county, without a petition as provided for by statute, made a levy to be used for the purpose of eradicating cattle ticks therein. The said county was located partly above and partly below the quarantine line established by the State Board of Agriculture. Plaintiff, a taxpayer, brought action to enjoin said·board from allowing claims and the county· treasurer from paying warrants drawn on such fund, on the ground that under section 2, c. 115, p. 255, Sess. Laws 1910-11, a levy on all taxable property in the county is subject to taxation for this purpose only when petitioned for by a majority of the voters thereof or of any municipal township, and the court refused to grant the injunction. Held, error; that the levy was without authority of law and was void.

2. **STATUTES—Construction—Levy of·Tax.** Where a statute imposing a tax is susceptible of two constructions, and the legisla-

tive intent is in doubt, the doubt should, as a rule, be resolved in favor of the taxpayer.

(Syllabus by the Court.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by E. Z. Adams against the Board of County Commissioners of Garvin County and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

*John M. Stanley* and *Andrew Wood,* for plaintiff in error.

*Charles West,* Atty. Gen., and *Charles L. Moore,* Asst. Atty. Gen., for defendants in error.

DUNN, J. On October 8, 1912, plaintiff in error, as plaintiff, filed his petition for an injunction against the defendants in error in the district court of Garvin county, in which he alleges, in substance, that he is a legal resident and taxpayer of said county; that on June 4, 1912, the board of county commissioners of said county passed a resolution attempting to appropriate $2,500 to be used to effect the eradication of cattle ticks in said county; that on August 16, 1912, the excise board of said county levied $8,250, as taxes for the contingent fund for the fiscal year of 1912-13, which levy included the said $2,500, to be used for tick eradication in the said county; that, in the pursuance of said action of the board, claims have been allowed and warrants issued against the said fund in the sum aggregating $742.15; that other claims for labor and materials, etc., have been presented for allowance against the same and await the action of the board thereon; that Garvin county is located partly above and partly below the live stock quarantine line established and maintained by the Oklahoma State Board of Agriculture; that the said board of county commissioners acted without authority of law in making an appropriation of funds for tick eradication; that the said excise board acted without authority of law in making the levy of taxes for the reason that the said levy had not been petitioned for by a majority of the taxpayers of Garvin county nor of any township therein as provided by section 2,

c. 115, of Sess. Laws 1911; that the paying out of moneys for the purposes mentioned is without authority of law and will result in irreparable injury to plaintiff and every other taxpayer in Garvin county; and that plaintiff is without an adequate remedy at law. Plaintiff prays that the board of county commissioners be enjoined and restrained from allowing any claims and that said defendant J. F. Trimmer, county treasurer, be enjoined and restrained from paying any of the warrants which have been or may hereafter be drawn on him as treasurer and for all other proper and equitable relief and for costs. On presentation of the petition above set forth, a temporary injunction was granted which was later dissolved, from which action plaintiff prosecutes his appeal to this court.

The only law for levying a tax to provide a fund with which to co-operate with the State Board of Agriculture in the work of eradicating the cattle tick, by the excise boards of the different counties, is found in sections 1 and 2, c. 115, p. 255, Sess. Laws 1911. Those portions of these sections pertinent hereto read as follows:

"Section 1.    The excise board of any county situated above the state quarantine line as fixed by the State Board of Agriculture, shall have power to levy a tax on all taxable property within the county to provide a fund with which to co-operate with the State Board of Agriculture in the work of eradicating ticks of the variety above mentioned, which fund may be used for any one or all of the purposes of constructing suitable dipping vats, or employing competent live stock inspectors, for purchasing material for disinfection or for anything which in the opinion of the board of county commissioners promises to further the protection of the live stock interests of the county.

"Sec. 2.    When so petitioned by a majority of the voters of any county or municipal township within the county, such majority to be measured by the number of votes cast at the last general election, the excise board of any county shall make a levy on all taxable property of the county, such as will be necessary to bear the actual cost of co-operating with the State Board of Agriculture as provided for in section 2, of this act, and to establish and construct one substantial dipping vat or as many of said vats of necessary dimension as may be advised by the State Board of Agriculture," etc.

Although several propositions are argued by counsel to sustain the judgment, from the view which we take of this case it will be necessary only to pass upon the one involved in a construction and application of the foregoing statutes. Counsel for plaintiff contend that the action of the excise board of Garvin county in levying a tax for the eradication of cattle ticks on its own motion and without the petition as required in section 2 of the act above quoted is void, and hence there is no fund available and against which to allow or out of which to pay any of the claims in question. In answer to this contention, counsel for defendants insist that the first section above quoted, providing that "the excise board of any county situated above the state quarantine line as fixed by the State Board of Agriculture, shall have power to levy a tax on all taxable property within the county to provide a fund with which to co-operate with the State Board of Agriculture in the work of eradicating ticks," etc., gives the county authorities of Garvin county the power, in their discretion, to provide a fund by taxation for tick eradication which would become mandatory only on a petition being presented in accordance with the next succeeding section. With this contention we are unable to agree.

The statutes in question are clear and unambiguous and susceptible of but one construction. It is held by both the courts of England and the United States that statutes requiring or authorizing a levy of taxes or duties on subjects or citizens are to be construed most strongly against the government, and in favor of the subjects or citizens, and that their provisions are not to be extended by implication beyond the clear import of the language used, or to enlarge their operation so as to embrace matters not specifically pointed out, although standing upon a close analogy. *United States v. Wigglesworth,* 2 Story, 369; Fed. Cas. No. 16,690. In the case of *McNally v. Field* (C. C.) 119 Fed. 445, the court held in the syllabus that:

"Where a statute imposing a tax is susceptible of two constructions, and the legislative intent is in doubt, the doubt should, as a rule, be resolved in favor of the taxpayer."

To the same effect, see Lewis' Sutherland, Statutory Construction (2d Ed.) sec. 535; Cooley on Taxation (3d Ed.) p. 454, and cases cited; *Mayor v. Hartridge,* 8 Ga. 30.

Garvin county is located partly above and partly below the state quarantine line as fixed by the State Board of Agriculture, and, when the board of county commissioners thereof is petitioned by a majority of the voters therein or of any municipal township in the county, all taxable property in the county may be subjected to a levy for the purpose of co-operating with the State Board of Agriculture in constructing dipping vats or in any other way protecting the live stock interests of the county. In the case at bar, as above declared, the levy was not made according to the law authorizing the levy, and is therefore void.

The balance of the questions presented are of practice, do not go to the merits of the action, and, after an investigation and consideration thereof, in our judgment are without substantial merit.

The order of the trial court dissolving the temporary injunction is reversed, and the cause is remanded to the trial court to take further proceedings in accord with this opinion.

All the Justices concur.