## CAREY, LOMBARD, YOUNG & CO. v. HAMM et al.

No. 7418—Opinion Filed Oct. 31, 1916.

(160 Pac. 878.)

### Counties—County Commissioners — Personal Liability.

The county commissioners of Garvin county contracted as such with the plaintiff for certain lumber and building material to be used in the work of eradicating the "Texas fever tick." At the time the contract was made it was within the estimate duly made and approved by the excise board of Garvin county. Thereafter such estimate and the levy made thereunder were held to be void. Held, that the persons constituting the board of county commissioners were not individually liable to the plaintiff for the value of the material so bought.

(Syllabus by Burford, C.)

Error from District Court, Garvin County; F. B. Swank, Judge.

Action by Carey, Lombard, Young & Co. against J. R. Hamm and others. From a judgment sustaining a demurrer to the petition, plaintiff appeals. Affirmed.

J. B. Dudley, for plaintiff in error.

Blanton & Andrews, for defendants in error.

Opinion by BURFORD, C. It appears from the petition in this cause that the plaintiff in error in August, 1915, sold to the defendants, Gray, Harrison, and Hamm, acting as the board of county commissioners of Garvin county, certain lumber and material to use in the construction of a dipping vat necessary in the eradication of the "Texas fever tick." It appeared that the commissioners, supposedly acting under the authority of Session Laws of 1909, c. 2, as amended by chapter 115, Session Laws 1910-11, had attempted to create a quarantine district in Garvin county, and appropriated the sum of "$2,500 for the eradication of the 'Texas fever tick' "; that they had included in their report to the excise board the amount of $2,500 as necessary for that purpose, and that the excise board had made the estimate in that amount, and had levied a tax sufficient to produce the same. The board of county commissioners bought lumber aggregating $290.17 from the plaintiff, and drew a warrant for $173.99 as part payment. It appears from the face of this warrant that at the time it was drawn against the contingent fund in which the $2,500 so appropriated had been included, it was within the estimate and funds provided by the excise board. Before the warrant had been paid, however, and prior to issuance of any warrant for the balance due, an action was brought to enjoin the allowance of any claims or the payment of any warrants against this fund, alleging that the levy had been illegally made, for the reason that it was not based upon a petition as required by law. It seems that the commissioners took the view that they had the discretionary power to create a fund, and the excise board that it had power to make the levy without petition. This view was concurred in by the district court, but upon appeal to this court the levy was held to be unlawful for the reason that the petition required by law had not been filed, and the issuance or payment of any claim against the fund was to be enjoined. Adams v. Board of County Commissioners of Garvin County, 35 Okla. 440, 130 Pac. 148. Thereupon the plaintiff brought this action against the individual members of the board of county commissioners and their official bondsmen to recover the amount of the lumber sold and delivered. To the petition alleging these facts a general demurrer was sustained, and from this judgment of the trial court the plaintiff brings the cause here for review.

We find no error in the judgment of the trial court. Although there is some conflict in American authority in regard to the liability of public officials for making contracts beyond their authority as such, the view adopted in this state is laid down in Martin v. Schuerneyer, 30 Okla. 735-738, 121 Pac. 248, 249, where it was said:

"The law is that an officer, contracting on behalf of a public corporation, and intending to so contract, is not personally liable on his contract, where he has been guilty of no fraud or misrepresentation, and where the person with whom he contracts has the same means of knowing the extent of his authority as he has, though he exceeds his authority, and for that reason does not bind the corporation (citing cases). The reason for this rule is that the powers of officers of municipal corporations are prescribed by law, and the public had equal means of knowing what the law is with the officers themselves."

This view is well sustained by both text book writers and the courts. Mr. Dillon, in his work on Municipal Corporations (5th Ed.) vol 1, p. 443, says:

"In the case of officers of municipalities, it has been sought to charge them with liability under contracts made by them in excess of their official powers in analogy to the principles under which the agent of a private individual becomes personally responsible for an ultra vires contract upon a representation, express or implied, that he has authority to make such contract on behalf of the principal.

But the courts have refused to hold the officers of a municipality personally liable for contracts ultra vires, in the absence of actual fraud or deception. If a contract be made by an officer, acting officially, in excess of his authority, or unintentionally, under an innocent mistake of the law, without any intentional misrepresentation or deception, the officer is not in such case personally liable to persons with whom the contract is made. The authority and powers of the officers of a municipality are regulated by law, and all parties dealing with the officer must, at their peril, take notice of the nature and extent of his authority, and if the contract is invalid, because in excess of the powers of the officer, the persons contracting with him have no redress against him."

Many of the cases are collected in a monographic note to the case of Lawrence v. Toothaker, 75 N. H. 148, 71 Atl. 534, as reported in 23 L. R. A. (N. S.) 428. The annotator there says:

"Whatever may be the rule as to the individual liability of persons who, as agents for private parties, enter into a contract which is not within the scope of their authority, without doubt it is the general rule that, when public agents, in good faith, contract with parties having full knowledge of the extent of their authority, or who have equal means of knowledge with themselves, they do not become individually liable unless the intent to incur personal responsibility is clearly expressed, although it should be found that, through ignorance of the law they have exceeded their authority."

Schloss & Kahn v. McIntyre, 147 Ala. 557, 41 South. 11, is very similar upon the facts. In that case the defendants, acting under the authority of an act of the Legislature establishing a liquor dispensary at Ashford, purchased liquor of the plaintiff for sale in the dispensary. Thereafter the act itself was declared unconstitutional, and the plaintiffs brought action against the defendants personally. A demurrer was sustained to their petition, and on appeal, after reviewing the cases, the Supreme Court of Alabama said:

"In this case, both parties were mistaken in supposing that the dispensary had a legal existence. It had been established under color of a statute duly enacted according to constitutional forms, although invalid because of the nature of some of its provisions, and the plaintiff had all the opportunity to know this infirmity which the defendant possessed. The defendants made no promise to pay for the liquors. It is not averred that from them they derived any personal benefit, and they neither made misrepresentations to the plaintiffs nor perpetrated any fraud upon them. The demurrer was properly sustained."

In the case at bar the county commission-ers undoubtedly acted under misapprehension of their legal powers. This misapprehension was concurred in by the district court, and it was only upon appeal that it was finally determined that they had no power to act. The statute, regulating their powers, was as open to the plaintiffs as to them, and also, if a petition had been filed, it would have been a matter of public record in the proceedings of the board. That there was no such record, could have as well been known to the plaintiff as to the defendants. Under the decision of this court in Martin v. Schuermeyer, supra, sustained by the authorities above quoted, it is apparent that there is no liability upon general principles upon the board of county commissioners for the lumber purchased from the plaintiffs.

It remains to be seen if liability is fixed upon the county commissioners by statute. Sections 7 and 9, c. 80, Sess. Laws 1910-11, provide as follows:

"Sec. 7. It shall be unlawful for any officer to issue, approve, sign, attest, or register any warrant or certificate of indebtedness in any form in excess of the estimate of expenses made and approved for the current fiscal year or authorized for such a purpose by a bond issue, and any such warrant or certificate of indebtedness issued, approved, attested or registered in excess of the estimate made and approved or authorized by a bond issue, shall not be a charge against the municipality upon which it is issued, but may be collected by civil action from any officer issuing, drawing, approving, signing, attesting, registering or paying the same, or from either or all of them, or from their bondsmen."

"Sec. 9. It shall be unlawful for the board of county commissioners * * * to make any contract for, incur, acknowledge, approve, allow or authorize any indebtedness against their respective municipality or authorize it to be done by others, in excess of the estimate made and approved by the excise board for such purpose for such current fiscal year, or in excess of the specific amount authorized for such purpose by a bond issue. Any such indebtedness, contracts incurred, acknowledged, approved, allowed or authorized in excess of the estimate made and approved for such purposes for such current fiscal year or in excess of the specific * * * issue, shall not be a charge against the municipality whose officer or officers contracted, incurred, acknowledged, approved, allowed or authorized or attested the evidence of said indebtedness, but may be collected by civil action from any official contracting, incurring, acknowledging, approving or authorizing or attesting such indebtedness or from his bondsmen."

It is insisted that under the sections a liability is fixed upon the commissioners.

We are unable to agree with this contention. The statute is somewhat penal in its nature, and fixes a liability as above shown not imposed by the general law. It makes county commissioners liable whenever they exceed the estimate made and approved for the current year, or where they exceed the amount of an authorized bond issue. The estimate is made by the excise board. The county commissioners had nothing to do with it, except to recommend the amount they desired, which the excise board included in the estimate. When they bought the lumber in question they were acting within an estimate then provided for them by the excise board. We think they cannot be held liable for the contract so made, by reason of the fact that the excise board acted beyond its powers. As was said in the case of Shannon v. State ex rel., 33 Okla. 293-299, 125 Pac. 1106, 1108:

"When the board of county commissioners is called upon to approve or allow any claim against any fund of the county, or any officer whose duty it is to issue a warrant when such claim is allowed, is called upon to issue such warrant, they may look only to the estimate made and approved by the excise board, and to the amount of claims allowed or warrants already issued thereunder during such fiscal year, to determine whether they are authorized to approve the claim, or to issue a warrant therefor."

We are constrained to hold that, where county commissioners, acting innocently, under a mistaken idea of the law, and without any fraud or misrepresentation on their part, contracted a debt within an estimate made and approved by the excise board, they are not personally liable by reason of the fact that the estimate is thereafter held to be invalid and void, upon facts, and for reasons as open to the knowledge of the persons contracting with the board as they were to the board itself.

Judgment affirmed.

By the Court: It is so ordered.