### DICKINSON v. BLACKWOOD.

No. 9883—Opinion Filed Oct. 14, 1919.

(Syllabus by the Court.)

**1. Townships—Funds—Transfer.**

The transfer by the excise board of an unexpended balance from the "road dragging fund" to the "general fund" of a township is a violation of that part of section 19, art. 10, Williams Constitution, which provides that "no tax levied and collected for one purpose shall ever be devoted to another purpose," and in excess of the authority conferred upon the board by the statutes in force at the time such transfers were made.

**2. Taxation—Levy—Validity.**

Where such a transfer necessitates a larger levy for road dragging purposes than otherwise would have been required, such levy is void to the extent of such excess.

Error from District Court, Cotton County; Cham Jones, Judge.

Action by Jacob M. Dickinson, as receiver, against G. C. Blackwood, to recover taxes paid under protest. From judgment for defendant the plaintiff brings error. Reversed and remanded.

C. O. Blake and John E. DuMars, for plaintiff in error.

Lon Morris, for defendant in error.

KANE, J. This is an appeal from the action of the district court of Cotton county in sustaining a demurrer to plaintiff's petition, in a statutory proceeding to recover taxes paid under protest. The petition alleges in substance that the township officers of Cache and Texas townships submitted proper estimates of the required needs of their respective townships for the ensuing year; that said estimates showed that each of said townships had on hand in its road dragging fund an unexpended balance from the previous year; that the excise board illegally transferred a portion of the unexpended balance on hand in each of these townships to the general fund thereof and proceeded to levy taxes against the property of the plaintiff, based upon the estimates as modified by the transfers made by the board.

Plaintiff contends in substance that if the money on hand in the road dragging fund of the respective townships, at the close of the fiscal year 1915-1916, had been applied on the

estimates submitted to the excise board, a levy of .35 mills instead of the levy of 1.5 mills which was made, would have been sufficient in Texas township, and that a levy of .75 mills instead of 1.5 mills would have been sufficient in Cache township. Plaintiff paid its taxes as levied, for the first half of the year 1916-1917 under protest, and brought suit against the county treasurer to recover the sums of $33.71 and $93.85, alleged excess collections for Texas and Cache townships respectively.

It is first urged that the transfer of the unexpended balances from the road dragging funds to the general or current funds of the respective townships was void because in violation of section 19, art. 10, Constitution of Oklahoma, which provides:

"Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town or municipal board or legislative body, levying a tax, shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose."

We think this contention is well taken.

The law providing for the road dragging tax, in effect at the time of the acts complained of, was section 10, art. 11, chap. 173, Session Laws 1915, which provides, in part:

"At every February meeting, or as soon thereafter as possible, the township board of each township shall select from its township road system the roads to be dragged for one year, to be known as dragable roads, and shall employ a superintendent of the township road system, who shall give bond for the faithful performance of his duties in such sum as said board may direct. Said superintendent shall have general supervision of all dragging and repair work on the township road system. * * *"

After further defining the duties of the superintendent the act recites:

"For this purpose there shall be expended, under the direction of the township board, through the road superintendent, upon the township road system not more than two mill drag tax herein authorized to be levied."

The act was declared valid in the cases of Lusk et al. v. Eminhiser, 53 Okla. 785, 158 Pac. 915; Lusk et al. v. Starkey, 53 Okla. 794, 158 Pac. 918.

In the case of City of Louisville v. Button, 118 Ky. 732, 82 S. W. 293, the question for consideration was whether the transfer of money from the fund for "general purposes" to the fund for "street sprinkling purposes" violated section 180 of the Kentucky Constitution, which is the same in effect as the provision herein involved. In passing upon this question the learned justice who delivered the opinion of the court said:

"The question then narrows itself down in this case to the one whether 'street sprinkling' is embraced in the term 'general purposes.' Without undertaking to define here what may be included in the latter term, we are clear that its being enumerated with some dozen other divisions, each of which is required to be provided for expressly, if at all, negatives the proposition that one embraces the other. For, if that were true, it would be within the power of the council to levy the whole tax under the head of 'general purposes,' defeating entirely the motive of the legislation requiring a particularization of subjects for which taxes are to be levied."

Carroll v. Williams, 202 S. W. 504, where a similar provision of the Constitution of the state of Texas was construed, is also in point to the same effect. Moreover, at the time the transfers complained of were made there was no statute or provision of law authorizing the excise board to transfer moneys derived from taxation from one fund to another.

That the transfer of money from the road dragging tax funds to the general township funds increased plaintiff's road dragging taxes is not disputed. In St. L. & S. F. R. Co. v. Thompson, 35 Okla. 138, 141, 128 Pac. 685, 686, in discussing the power of the county excise board to levy taxes this court said:

"Its authority to levy taxes to raise funds to meet the estimated expenses each year is granted solely by the statute, and the measure of its power relative thereto must be found in the terms of the statute. The statute contemplates that each year shall take care of itself; that no greater amount of taxes shall be levied during any one year than shall be necessary to take care of the obligations of the municipality, incurred or maturing during that year, which shall be fixed by an approved estimate before the tax is levied."

In Atchison, T. & S. F. R. Co. v. State, 67 Oklahoma, 169 Pac. 1071, it is said:

"Plaintiff contends that the excise board had no authority to increase the estimate made by the board of county commissioners and that the levy made in pursuance of the increase was excessive and illegal."

After quoting the foregoing from St. L. & S. F. R. Co. v. Thompson, it is said:

"Applying the doctrine of that case, it follows, because the excise board was without authority to increase the estimate made by the board of county commissioners, that any increase made by it and any taxes collected by reason thereof would be illegal."

The following cases are also in point to the same effect: St. L. & S. F. R. Co. v. Tate, County Treasurer, et al., 35 Okla. 563, 130 Pac. 941; A., T. & S. F. R. Co. v. Wiggins, Treasurer, 5 Okla. 477, 483, 49 Pac. 1019, 1020.

It seems clear from the foregoing authorities that the transfer of funds by the excise board from the road dragging fund to the general township fund was illegal and void. But granting the transfers were illegal and that they increased the plaintiff's taxes as alleged, the question still remains whether, in these circumstances, the plaintiff, the railway company, has been injured in such a manner that it has a right to recover the excess thus paid. Counsel for defendant in his brief insists that the additional levies made on account of the transfer of funds did not increase the combined levies beyond the statutory limit. This contention is untenable. It is shown that the transfer from road dragging funds to the general township funds of money on hand at the time the levy was made, increased the levy beyond what it would have been had the transfer not been made. It may be true that the increase was not to the full extent of the limit allowed by law, but it is not contemplated that the townships shall levy for road dragging purposes the limit allowed by law, regardless of whether or not this money is needed for road dragging purposes. The excise board is required to act on the estimates submitted by the county officers. It may modify these estimates, as provided by law, but it is not authorized to levy any more money for any one year than is required for that year. The case at bar is not governed by the rule applicable where the taxing officers squander or embezzle moneys coming into their hands from taxation. In such cases the municipal needs must be met by additional taxation. Here the excise board merely sought to transfer money from one fund to another without authority and apparently for the purpose of evading certain statutory limitations upon the taxing power. We conclude therefore that the levy as made for Texas and Cache townships of Cotton county was void to the extent it was increased by transfer of money on hand at the time the levy for 1917 was made, available for road dragging purposes for 1917, and not needed for any deficits or any prior indebtedness.

The judgment of the trial court in sustaining defendant's demurrer is therefore reversed and the cause remanded for trial upon its merits.

All the Justices concur, except McNEILL, J., not participating.