## MAGNOLIA PETROLEUM CO. v. SAPPINGTON, Co. Treas.

No. 16796—Opinion Filed Oct. 19, 1926.

Opinion Withdrawn, Corrected, Refiled, and Rehearing Denied Nov. 9, 1926.

Petition for Rehearing on Corrected Opinion Denied March 1, 1927.

**1. Townships—Tax Limit for Current Expenses.**

Under section 9692, C. O. S. 1921, the levy for current expenses of a township is limited to 1.5 mills, and any levy in excess of 1.5 mills is void, unless the question of making such levy has been duly submitted to the qualified electors of the township at an election held for the purpose of passing upon such levy, as provided by section 9707. C. O. S. 1921.

**2. Highways—Township Tax Levy for Road Drag Purposes—Preservation as Separate Fund.**

The levy of 2 mills for road drag purposes provided by section 10203, C. O. S. 1921, was authorized for the purpose of assisting the state in maintaining its systems of good roads, and when the excise board makes such levy against the taxable property of a township, such levy must be separate, distinct, and apart from the levy authorized for current expenses, and the product of such levy must be maintained in a separate fund, designated "road drag tax fund," and such fund may not be used for any purpose other than specified in said section 10203.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Jefferson County; M. W. Pugh, Judge.

Action by Magnolia Petroleum Company to recover taxes paid under protest. Judgment for defendant on causes of action numbered 4, 6, 8, 10, and 12, and plaintiff appeals. Reversed, and remanded.

Adelbert Brown, W. R. Wallace, Blakeney & Ambrister, Green & Pruett, and Gordon Stater, for plaintiff in error.

W. F. Shipp, Co. Atty., for defendant in error.

Opinion by RUTH, C. Parties hereto appearing in this court in the same relative positions as in the trial court, will be designated as plaintiff and defendant accordingly.

Plaintiff brought its action in the district court of Jefferson county against defendant as county treasurer, and prayed a refund of a certain portion of taxes paid under protest, for one-half the fiscal year 1924-1925.

This appeal is from a judgment in favor of the defendant in causes of action numbered 4, 6, 8, 10, and 12, and as these causes of action are identical, except the names of the townships and the amount of refund prayed for, a recital of the material portions of "cause No. 4" will suffice for this opinion, and is as follows:

"Plaintiff alleges that a levy of 3.5 mills was made against the property of said plaintiff in said county for the aforesaid fiscal year for the benefit of Grayson township, general or current expense fund.

"Plaintiff alleges that the maximum levy that could have lawfully been made for the benefit of said taxing jurisdiction for current expense, without a vote of the qualified electors thereof, at an election called for that purpose, according to law, was 1.5 mills; that the electors of said taxing jurisdiction did not authorize an increase of such maximum levy of 1.5 mills, and that therefore said levy for general or current expense fund is illegal to the extent of 2 mills thereof.

"One-half of the amount of illegal and void taxes levied against the assessed valuation of the property of plaintiff in said township, $56,411, on account of such void and illegal levy of 2 mills is $56.41."

It was stipulated by counsel for either party, that the taxes had been paid under protest, proper notice given, and action brought, and it was further stipulated that a "levy of 4.2 mills was made against the property of the plaintiff for the aforesaid fiscal year (1924-1925) for the benefit of Grayson township, and that of said levy 3.5 mills was for general and current expenses."

The court found for plaintiff on its first, third, and thirteenth causes of action, and

for defendant on the remaining causes of action, and from the judgment on causes of action 4, 6, 8, 10, and 12, plaintiff appeals.

The matter presented by the appeal pertains to but one issue, to wit, because a levy of 3.5 mills was made for general and current expenses for the fiscal year beginning July 1, 1924, and the levy was not for county or school districts, but was for the benefit of the townships. It is agreed it was a township levy of 3.5 mills for the general or current expenses, and no election was held authorizing such increased levy. It is contended the levy so made was two mills in excess of the levy provided by section 9692, C. O. S. 1921, which provides specifically that not more than 1.5 mills shall be levied for township current expenses.

Section 9707, C. O. S. 1921, provides:

"If any estimate certified to the excise board for the current expenses of any county, city, incorporated town, township, or school district, shall exceed the limits prescribed by the first section of this article, and the excise board shall be of the opinion that such excess is reasonably necessary for the current expenses of the municipality for which same is prepared, they shall enter such fact upon the record of their proceedings and shall give notice by publication in one issue of some newspaper printed in the county, that a special election will be held in the county, city, town, township, or school district, as the case may be, on the second Tuesday after the first Monday in August next thereafter, for the purpose of submitting to the qualified electors of such county, city, town, township or school district, the question of making such increased levy. Such election shall be held under the general election laws of the state and in each election held under the provisions of this act (article), the amount of each proposed levy shall be printed upon the ballot, with the words, 'For the Levy' and 'Against the Levy,' to the left of which shall be printed a square in which the elector shall stamp to indicate his choice; Provided, that in school districts not in cities the election shall be conducted as provided by law for such election in school districts."

It is contended in the defendant's brief that the levy of 3.5 mills was made "to satisfy appropriations for salaries and compensation of officers, for office supplies, blank books, stationery and printing, for dragging and other maintenance of roads, for sundry expenses, and for tools and equipment," and that all these items, with the exception of two mills for dragging and maintenance of roads, amounted to but 1.5 mills, and all these appropriations were added together and a levy of 3.5 mills was made for the general fund. The record, however, does not bear out this contention, and the stipulation recites that the 3.5 mills levy was made for "general or current expenses."

The statute very specifically provides that not more than 1.5 mills shall be levied for current expenses, and if a sum in excess of the statutory amount is reasonably necessary for current expenses, the statute is just as specific that the question of increase shall be submitted to a vote of those affected by the tax. Lusk v. Eminhiser, 53 Okla. 785, 158 Pac. 915.

How, then, can we justify a levy of 3.5 mills for "current expenses?" Defendant takes the position in his brief that but 1.5 mills was levied for current expenses, and the additional two mills was in fact for road drag tax, and adding all the items, the 3.5 levy was arrived at. To indulge such a practice would be countenancing a violation of the plain intent and language of the Constitution and statutes of this state, and overrule every decision of this court where the question has been raised.

Section 19, article 10, Constitution of Oklahoma, provides:

"Every act enacted by the Legislature and every ordinance and resolution passed by any county, city, town, or municipal board, or legislative body, levying a tax, shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose."

If it were permitted to place all taxes levied and collected under one head and in one fund, there would be nothing to prevent depletion of the fund by applying it to one of the purposes, to the detriment of the purpose for which the Legislature authorized the levy. While the road drag tax is levied for a township purpose, it also subserves an important state purpose, being designed to assist the state in the maintenance of a system of good roads, and Kane, J., in announcing the opinion of this court in Lusk v. Eminhiser, supra, uses the following language:

"The drag tax is an additional involuntary tax placed by the state upon one of its instrumentalities."

Further, the court says:

"It is our opinion that, as to this drag tax, the intention of the Legislature was to require the townships and counties of the state to aid the state in its general plan for the construction and maintenance of a system of good roads entirely unhampered and unhindered by any prior statutory limitations upon taxation, except the constitutional limitation of eight mills elsewhere mentioned in the act, and to continue in force the limi-

tations contained in section 7376, supra (R. L. 1910) as to the ordinary county and township levies."

The act of February 29, 1916 (Session Laws 1916, p. 77) declaratory of the meaning and intent of section 10 of article 2, ch. 173, Session Laws, 1915, provides in part as follows:

"For this purpose there shall be expended under the direction of the township board, through the road superintendent, upon the township road system not more than two-mill drag tax hereby authorized to be levied."

While it might be argued that this section did not specifically provide that the two-mill levy so authorized should be maintained in a separate fund, and could not be added to the levy for "current expenses," the succeeding paragraph provides:

"The township board shall not allow any bills for dragging, maintenance or repair work, nor shall warrants in payment therefor be drawn upon the funds of the township road system until itemized bills therefor shall have been certified to by the township road superintendent. A violation of this section shall render the township clerk liable on his bond for the amount of said warrant."

A consideration of the full text of the statute authorizing the two-mill road drag tax, leads us to the conclusion that the same should be provided for by levy separate and apart from the 1.5 mill levy for current expenses, and if we are to concede, which we do not, that there is an ambiguity in the statute, under the weight of authorities, such ambiguity must be resolved in favor of the taxpayer.

"Where a statute imposing a tax is susceptible of two constructions, and the legislative intent is in doubt, the doubt should, as a rule, be resolved in favor of the taxpayer." Adams v. Board of Commissioners of Garfield County et al., 35 Okla. 440, 130 Pac. 148; United States v. Wigglesworth, 2 Story, 369, Fed. Cases No. 16690; McNally v. Field (C. C.) 119 Fed. 445; Lewis Sutherland, Statutory Construction (2nd Ed.) sec. 535; Cooley on Taxation (3rd Ed.) p. 454; Mayor v. Hartridge, 8 Ga. 30.

While this court did not pass squarely upon the question now before us, nevertheless, it is clearly indicated by this court that the law did contemplate a road tax fund separate and apart from the general fund, when, in Dickinson v. Blackwood, 76 Okla. 175, 184 Pac. 582, it employed the following language:

"It seems clear * * * that the transfer of funds by the excise board from the road drag-ging fund to the general township fund was illegal and void."

While the statute does not make it obligatory to levy a two-mill road drag tax, but simply provides a maximum which may be levied, we are of opinion, and so hold, that when a levy is so made, the purpose for which it is made should be definitely stated and a separate fund created and maintained for the purpose. Requiring the proper officers to separately designate the road drag tax and maintain a separate fund, as the product of such levy, imposes no burden upon the officers, and as a guide to them in the future, we deem it advisable to here quote the language approved by this court in Lusk et al. v. Starkey, County Treasurer, 53 Okla. 798, 158 Pac. 919, as follows:

"It may be said in passing that the local taxing officers should exercise great care, in making their levies, to distinguish the levies made pursuant to the good roads law from the ordinary levies for county and township purposes. The taxes authorized by the good roads law are levied for a specific purpose, and governed by the special limitations contained in the act. It is important, therefore, that pains should be taken to designate these levies in such a way as to make them clearly distinguishable from the ordinary levies which are governed by the limitations contained in section 7376, supra (7376 R. L. 1910)."

For the reasons herein stated, the judgment of the trial court will be reversed in so far as it has rendered judgment in favor of the defendant in causes of action numbered 4, 6, 8, 10, and 12, and this cause is remanded, with directions to grant plaintiff a new trial in causes of action numbered 4, 6, 8, 10 and 12 in conformity with the opinion herein expressed.

By the Court: It is so ordered.

Note—See under (1) 38 Cyc. pp. 653. 654. (2) 29 C. J. p. 730, §495; p. 731, §496. p. 739, §500.