## GULF, C. & S. F. RY. CO. v. EXCISE BOARD OF LOVE COUNTY.

No. 20183.    Opinion Filed Jan. 7, 1930.

Rainey, Flynn, Green & Anderson and
M. M. Gibbens for protestant.

W. B. Jones, Co. Atty., for protestee.

ANDREWS, J. The Gulf, Colorado &
Santa Fe Railway Company, a corporation,
protested certain tax levies made by the
excise board of Love county for the fiscal
year beginning July 1, 1928, as illegal and
excessive. An appeal was taken by protest-
ant from the judgment of the Court of Tax
Review.

The protestant presents two propositions:
First, in computing the amount to be raised
by taxation for the sinking fund for the
city of Marietta an estimated income to
that fund of $3,900 was disregarded, thereby
increasing the amount of the tax levy for
that purpose to that extent; and, second, in
computing the amount to be raised by taxa-
tion for the general fund for the city of
Marietta an estimated income to that fund
of $3,900 was wrongfully included.

The record shows that the city of Mari-
etta borrowed money and evidenced the
same by public utility bonds. From the pro-
ceeds thereof a water and light plant was
constructed for the city, and the same was
operated by the city for a number of years
prior to 1921. In 1921, the city sold its
water and light plant to a private corpora-
tion and received in payment thereof partly
cash and notes evidencing the unpaid balance
of the purchase price. Some of these notes
mature in 1930, and some at a later date,
and the interest thereon amounts to $3,900
per year. In 1924, the city council passed
a resolution providing that the interest on
these outstanding notes should be credited to
the general fund rather than to the sinking
fund, and the interest has been so credited.

The record shows that on the 30th day of
June, 1928, there was a small deficit in the
general fund and no balance in the sinking
fund. In making the estimate for the gen-
eral fund for the year in question the city
council estimated that it would receive this
$3,900 interest for the general fund, and
the excise board made its appropriation on
the basis of estimated receipts from other
sources including this amount of $3,900.

Protestant contends that this $3,900 in-
terest should have been credited as estimat-
ed income in the sinking fund and not in
the general fund.

Under the provisions of section 27, art.
10, of the Constitution, there is no limitation
on the indebtedness that may be contracted
for the purpose of purchasing or construct-
ing public utilities except the assent of a
majority of the qualified property taxpaying
voters voting therefor. The bonds shown by
this record were voted under section 27,
art. 10, Id. Under section 16, art 10, "* * *
the money so borrowed shall be used for no
other purpose." This is a direct limitation
on the use of the money borrowed to pur-
chase or construct a water and light plant.
That money could be used only for the pur-
pose for which it was borrowed, and the
city was without authority to sell the plant
and then use the proceeds of the sale for
other than the purpose for which the money
was borrowed. The interest on the notes
given to evidence the purchase price of the
water and light plant and the remainder of
the purchase price when paid must be used
so far as necessary to pay the interest on
the bonds issued for that purpose and to
retire the principal of those bonds.

To permit a transfer of money borrow-
ed under section 27, art. 10, Id., to a fund
authorized by section 26, art. 10, Id., would
be in direct conflict with the rule announced
by this court in Dickenson v. Blackwood,
76 Okla. 175, 184 Pac. 582, and Magnolia
Petroleum Co. v. Sappington, 124 Okla. 16,
253 Pac. 483.

On the other hand, the records show
that there was no balance in either the gen-
eral fund or sinking fund, so that the in-
terest must be considered for the purpose
of this suit as estimated income. In St.
Louis-S. F. Ry. Co. v. Andrews, 137 Okla.
222, 278 Pac. 617, it was held that there
was no provision in the statutes or the Con-
stitution prescribing the purpose to which
profits derived from a municipally owned
public utility must be appropriated. The
record in this case does not show a profit
derived from a utility, but shows a trans-

fer from a utility to promissory notes. To the same effect is Pitts v. Allen, 138 Okla. 295, 281 Pac. 126. In both of those cases it was pointed out that in making the levy for sinking fund purposes estimated income could not be included. We do not care to engage in a discussion of the reason for that rule. It is sufficient to state that the levy for the sinking fund is required to be made without the consideration of the $3,900 which the sinking fund will in all probability receive during the next fiscal year.

We therefore hold that the judgment of the Court of Tax Review in denying relief to the protestant on its first proposition is correct, and that judgment is affirmed.

On the second proposition it is contended that there has been included in the financial statement for the general fund $3,900 as estimated income that will never be received for the reason that if it is collected it will have to be credited to the sinking fund. We agree with that contention. The tax levy for the fiscal year in question is 6 mills and the deduction of the $3,900 estimated to be received from other sources will not change the amount of the levy, but it will reduce the appropriation.

The Court of Tax Review was in error in considering the $3,900 in making the appropriation for the general fund, and its judgment on that contention is reversed.

The cause is remanded to the Court of Tax Review, with directions to enter judgment reducing the appropriation for the general fund for the city of Marietta as herein directed.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. RILEY, J., absent.

Note.—See "Municipal Corporations," 44 C. J. § 4031, p. 1108, n. 25.