## ST. LOUIS-S. F. RY. CO. v. MORRIS, County Treas.

No. 19914. Opinion Filed June 10, 1930.

E. T. Miller and Cruce & Franklin, for plaintiff in error.

Perry Porter, Co. Atty., for defendant in error.

ANDREWS, J. The plaintiff in error presents 13 contentions on this appeal. The 1st, 2nd, 11th, 12th, and 13th are formal and need not be here set forth. The others are as follows:

"3. The court erred in its findings of fact and conclusions of law in determining and assessing the amount of recovery of plaintiff in error on count 1 of the 11th cause of action, in that the true amount of recovery should have been $95.79 on said count, to which findings of fact and conclusions of law the plaintiff in error, at the time, excepted.

"4. The court erred in its findings of fact and conclusions of law, in determining and assessing the amount of recovery of the plaintiff in error on count 1 of its 12th cause of action, in that the true amount of recovery should have been $217.46 on said count, to which findings of fact and conclusions of law the plaintiff in error, at the time, excepted.

"5. The court erred in denying plaintiff in error recovery for the full amount sued for on its 13th cause of action, to which action of the court the plaintiff in error, at the time, duly excepted.

"6. The court erred in denying plaintiff in error recovery for the full amount sued for on its 14th cause of action, to which action of the court the plaintiff in error, at the time, duly excepted.

"7. The court erred in denying plaintiff in error recovery for the full amount sued for on its 15th cause of action, to which action of the court the plaintiff in error, at the time, duly excepted.

"8. The court erred in denying plaintiff in error recovery for the full amount sued for on its 16th cause of action, to which action of the court the plaintiff in error, at the time, duly excepted.

"9. The court erred in denying plaintiff in error recovery for the full amount sued for on its 17th cause of action, to which action of the court the plaintiff in error, at the time, duly excepted.

"10. The court erred in denying plaintiff in error recovery for the full amount sued for on its 18th cause of action, to which action of the court the plaintiff in error, at the time, duly excepted."

The defendant in error filed no brief in the cause, but the county attorney of Ottawa county addressed a letter to the court, which was filed in the office of the clerk, in which he states that the question of law involved has been decided by this court in Magnolia Petroleum Co. v. Sappington, 124 Okla. 16, 253 Pac. 483, and Albrecht v. Jones, 130 Okla. 277, 267 Pac. 270, and that it would be a useless expense for the county to prepare briefs in the cause.

An examination of those cases convinces us that they determine the law applicable to the facts in this cause as disclosed by the record, and that the trial court erred in rendering judgment, as contended by plaintiff in error and as hereinbefore quoted.

The judgment of the trial court is reversed, and the cause is remanded to the district court of Ottawa county, with directions to render judgment in favor of the plaintiff in error in conformity herewith.

LESTER, V. C. J., and CLARK, RILEY, HEFNER, and SWINDALL, JJ., concur. MASON, C. J., and HUNT and CULLISON, JJ., absent.