## PROTEST OF McCLASKEY et al.
## EXCISE BOARD OF OKLAHOMA COUNTY et al. v. McCLASKEY et al.

No. 25944.   Feb. 12, 1935.

(Syllabus.)

Lewis R. Morris and Frank Wilkins, for plaintiffs in error.

Gordon Stater, for defendants in error.

BAYLESS, J. J. E. McClaskey and others filed a protest in the Court of Tax Review of the state of Oklahoma against certain alleged illegal, excessive, and void tax levies of Oklahoma county, Okla., and its minor political subdivisions, and from a judgment sustaining the protest, Oklahoma county, Okla., and its subdivisions appealed to this court.

The appellants contend that this case is controlled by the opinion of this court in Protest of Downing et al., 164 Okla. 181, 23 P. (2d) 173. The appellees admit in their answer brief that the issues in this case are the same as those involved in the Downing Case, supra, and say that they "will be absolutely frank in this matter, and since this Honorable Court reversed the finding of the Court of Tax Review as to the surplus of the fiscal year 1931-32, and since the protest and decision in the case now at bar involving the 1932-33 levies is dependent upon a sustaining of the Court of Tax Review judgment rendered in the Downing Case, it follows that if the Downing Case is followed, then the protest here involved should be denied."

We are not given any reason why we should reconsider or retract the opinion adopted in the Downing Case, supra, and for that reason we must reverse the judgment of the Court of Tax Reviews and remand this appeal to that court, with instructions that it further proceed in conformity with the Downing Case, supra.

The appellees contend that the rule of law announced by this court in the Downing Case, supra, and in the cases of Bris-

tow Battery Co. v. Payne, 123 Okla. 137, 252 P. 423, Gulf, C. & S. F. Railway Co. v. Excise Board, 141 Okla. 34, 283 P. 1003, and Protest of Bledsoe, 161 Okla. 227, 17 P. (2d) 979, to the effect that if an amount is illegally transferred from one fund to another fund, the amount of cash on hand in the second fund, not exceeding the amount illegally transferred to it, may be considered by the excise board as in the fund from which the illegal transfer was made, for the purpose of restoring to the first fund the amount that belongs to it; but where such an illegal transfer of funds has been made, and there is no cash on hand in the fund to which the illegal transfer was made, neither the excise board nor any court can order or direct that such illegally transferred fund be considered as cash on hand. To retract this rule and announce a contrary rule would result in requiring counties and municipal subdivisions to set up as assets sums of money not in existence and would result in the financial statements carrying wholly fictitious and nonexistent assets. The evils alleged by appellees to flow from the present rule are not any greater than the evils and confusions and added expenses that would flow from the contrary rule.

McNEILL, C. J., and BUSBY, WELCH, and CORN, JJ., concur.