## PERRINE v. BONAPARTE, Co. Treas.

No. 19094.   Opinion Filed Oct. 15, 1929.

Rehearing Denied Nov. 26, 1929.

166

low, against E. B. Bonaparte, county treasurer, Oklahoma county, Okla., as defendant.

The parties hold the same position in this court as they did in the trial court, and will be here referred to as plaintiff and defendant. The action was instituted on the 18th day of May, 1927, by the filing of a petition seeking to recover certain taxes paid by the plaintiff under protest, and which plaintiff claims are illegal. The defendant filed a demurrer to the petition, and while this demurrer was pending, the second half of the taxes became due and payable, and by order of the court an amended and supplemental petition was duly filed covering the matters set forth in regard to the second half of the protested tax.

There are several causes of action in the petition, but the issues in this appeal are narrowed to the propositions stated in the four causes of action in the petition, and amended and supplemental petition, which, omitting the formal petition, is as follows:

"Plaintiff alleges that a levy of 17.69 mills was made upon the property of the plaintiff for the benefit of Oklahoma City, Okla., for the fiscal year beginning July 1, 1926, and that of said levy 8.93 mills thereof was made to satisfy the sinking fund requirements.

"Plaintiff alleges that said levy is illegal, for the reason that there was included in the appropriations for sinking fund requirements for said taxing jurisdiction for said fiscal year the full amount of interest and the full amount of annual accrual on the following bonds, to wit:

"A bond issue of $80,000; $20,000; $225,000; $200,000; $35,000; $150,000; $150,000; $250,000; $1,500,000; $1,405,000; $1,600,000; and $25,000; or a total of $5,667,000, representing bonds for water works purposes in the city of Oklahoma City; that the total amount of interest for the aforesaid bond was included in the sinking fund requirements for the aforesaid fiscal year being in the sum of $281,120 and that the total accruals on the appropriated needs were $234,941.68.

"Plaintiff alleges that the interest requirements and 3 per cent. of the principal of said bonds cannot legally be raised by ad valorem taxation, and that the inclusion of the sum of $281,120, representing interest and $170,010, representing 3 per cent. of the principal of said bonds, producing $451,130, in the sinking fund requirements, was wholly without authority of law, but that said sum of $451,130, with 10 per cent. added thereto as an allowance for delinquency, $54,113, producing $496,243, was erroneously included in the sinking fund requirements, wholly without authority of law; and that

Adelbert Brown and Gordon Stater, for plaintiff in error.

George M. Callihan, Co. Atty., W. F. Smith, Asst. Co. Atty., M. W. McKenzie, Mun. Counselor, and A. L. Hull, Asst. Mun. Counselor, for defendant in error.

SWINDALL, J. This action was commenced in the district court of Oklahoma county by plaintiff in error, as plaintiff be-

if said amount had not been erroneously included in said sinking fund requirements the net amount required to be raised by ad valorem taxation would have been reduced to the extent of $496,234, which sum based upon the total assessed valuation of all the property in said taxing jurisdiction for said fiscal year, $118,973,221, would have reduced said sinking fund tax levy to the extent of 4.17 mills, and that, therefore, said sinking fund levy is illegal and void and made for a purpose unauthorized by law to the extent of 4.17 mills.

"Plaintiff further alleges that the estimated revenue, as determined by the taxing officials, for the water department for the city of Oklahoma City for the fiscal year beginning July 1, 1926, was $669,421.15, and the estimated needs for the operating expense of said waterworks department were $372,830, leaving an operating surplus of $286,591.51, which surplus was not even applied or used for waterworks purposes, but was illegally and wrongfully applied otherwise, and that if said income from miscellaneous sources representing operating profit of the waterworks department had been deducted from the sinking fund requirements for said waterworks bonds, the net amount to be raised by ad valorem taxation for sinking fund requirements for said waterworks bonds would have been reduced to the extent of $286,591.15 with 10 per cent. allowance for delinquency added thereto, producing a total reduction in the net amount to be raised by ad valorem taxation in the sum of $315,250.26, a surplus in the water fund of $408,080.53, in that the actual receipts of the water department for the fiscal year beginning July 1, 1925, were $659,421.15, and that the actual operating expenses actually disbursed by said municipality for the fiscal year beginning July 1, 1925, were $251,340.62, leaving a surplus balance in said water fund on June 30, 1925, of $408,080.53, which surplus together with the excess estimated receipts over the estimated requirements for the fiscal year beginning July 1, 1926, $286,591.51, would have fully satisfied the requirements, and should have been applied to the requirements for all of the interest and three per cent. of the principal of the waterworks bonds which, with the allowance of 10 per cent. for delinquency, amounted to the aforesaid sum of $496,243, and that, therefore, the amount required to be raised by ad valorem taxation for said sinking fund for said fiscal year beginning July 1, 1926, for which an ad valorem tax levy made, was excessive to the extent of $496,243, and that, therefore, said sinking fund levy was illegal, excessive and void, and produced an amount in excess of the estimated need to the extent of 4.17 mills, as the aforesaid sum of $496,243, based upon the total assessed valuation of $118,973 of all the property in said taxing jurisdiction for said fiscal year, produces an illegal, excessive, and void levy of 4.17 mills.

"Plaintiff further alleges that under the law in such cases provided, as well as by special statute of the state of Oklahoma, being section 4507, C. O. S. 1921, the said taxing authorities are required to raise revenue for all the interest and 3 per cent. of the bond accruals, by receipts from the operation of such waterworks system, and must so fix the rates as to yield that amount; that the present water rates of Oklahoma City yield a net operating profit which produces practically that amount, but instead of applying such surplus to payment of bond accruals and interest on such bonds, an ad valorem tax levy was made and collected for interest and bond accruals. That the plaintiff, in proportion to the ad valorem taxes paid by him for such waterworks, pays a much greater amount than those users of water who pay very little or nor ad valorem tax whatever; the plaintiff was, and still is forced to pay for the water used by others; plaintiff's property is being taxed that those who bear little or no taxes may receive the benefit of the enforced added burden thus forced upon plaintiff. That the plaintiff is deprived of the equal protection of the law, and the plaintiff is being deprived of his property without due process of law, and his property is being taken by said taxing officials under the guise of taxation and bestowed upon other individuals who do not, and are not made to bear their proper burden; that the said tax, in the manner and method of the imposition thereof, as applied by said taxing officials, is violative of the Constitution of the United States, and particularly the Fourteenth Amendment thereof, as well as the general laws of the United States. That said tax is void, not only as illegal under the laws of this state, but as repugnant to and violative of the federal Constitution.

"The amount of illegal and void tax levied against the assessed valuation of the property of the plaintiff on account of said void and illegal levies is more fully set forth in plaintiff's notice of protest which is hereto attached, and for which amount plaintiff prays for judgment."

The demurrer to the petition, amended and supplemental petition, was sustained by the trial court, and the plaintiff elected to stand upon her petition, and judgment was rendered in favor of the defendant, and the plaintiff gave notice of appeal and the cause is now here for review.

The issues involved in this case appear to have been settled by this court in St. Louis-San Francisco Ry. Co. v. Andrews, 137 Okla. 222, 278 Pac. 617. The third, fourth, fifth,

and sixth paragraphs of the syllabus of that case announce the law in substance as follows:

"(3) Every municipal corporation within this state shall have the right to engage in any business or enterprise which may be engaged in by a person, firm, or corporation by virtue of a franchise from said corporation.

"(4) Neither statute nor Constitution specifically prescribes rates to be charged by municipally owned utility; neither statute nor Constitution specifically prescribes purpose to which profits derived from municipally owned utility must be appropriated. (Const. art. 18, sec. 6; Comp. St. 1921, sec. 4507.)

"(5) Compliance with Constitution requiring tax levy by city to pay for bonds issued to buy public utility is part of contractual obligation of bonds; Legislature cannot take away rights or relieve city of duties imposed by constitutional provision permitting cities to issue bonds to buy utilities. (Const. art. 10, secs. 26, 27.)

"(6) Tax levy to pay interest and create sinking fund to pay bonds issued for municipally owned utility held valid. (Const. art. 10, secs. 27, 28.)"

The only other error assigned is that there has been and is being imposed upon the plaintiff an illegal, discriminatory tax which is not uniform in its form or purpose, and results in a deprivation of plaintiff's property without due process of law.

We have carefully examined the record and the authorities cited by plaintiff in error, and fail to find wherein the plaintiff in error under the allegations in her petition is required to pay a greater rate of taxes on her property than is paid by all ad valorem taxpayers in Oklahoma City, Okla. Section 8 of art. 10 of the Constitution provides that:

"All property which may be taxed ad valorem shall be assessed for taxation at its fair cash value, estimated at the price it would bring at a fair voluntary sale; and any officer, or other person authorized to assess values, or subjects, for taxation, who shall commit any willful error in the performance of his duty shall be deemed guilty of malfeasance, and upon conviction thereof shall forfeit his office and be otherwise punished as may be provided by law."

Section 9671 creates the county equalization board, fixes the place and date for holding sessions, and any person who may think himself aggrieved by the assessment of his property shall have the right to appear before the board for the purpose of having the assessment of his property adjusted, and provides for an appeal from the final action of said board. Section 9675 provides that an appeal may be taken from all county boards of equalization to the district or superior court of the county, where the assessment is made within 30 days after the adjournment of said board.

If plaintiff in error feels that her property was assessed at a higher rate of valuation for ad valorem taxes than other persons owning property of the same value, or if her property was assessed at a higher rate for ad valorem than its fair cash value, she had a remedy which she could have pursued in order to correct any errors in the assessment of her property. The city of Oklahoma City fixes a rate for consumers of water, and the price paid for this service is based upon the amount of water used, and has nothing to do with the ad valorem tax which the Constitution requires to be levied and collected for the purpose of creating a sinking fund to pay the bonds at maturity and paying interest on the bonded indebtedness of the city incurred in the installing of a public utility in the city, as provided for by the Constitution. Since Oklahoma City, Okla., operates under a charter form of government, this court will take judicial notice of the provisions of such city charters.

Finding no error in the judgment rendered by the trial court, the same is hereby in all things affirmed.

LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, and ANDREWS, JJ., concur. CULLISON, J.; absent. MASON, C. J., not participating.