## PROTEST of MURRAY.

No. 20115. Opinion Filed Dec. 10, 1929.

Adelbert Brown, Gordon Stater, and E. G. DeParade, for protestant.

Geo. M. Callihan, Co. Atty., I. L. Harris, Asst. Co. Atty., and M. W. McKenzie, Municipal Counselor, for protestee.

ANDREWS, J. J. C. Murray protested certain tax levies made by the county board of Oklahoma county for the fiscal year beginning July 1, 1928, as being illegal and excessive, and presented evidence in support thereof to the Court of Tax Review. Protestant and protestee each appealed from the judgment rendered. The grounds of protest involved in these appeals will be considered separately.

The first proposition submitted by the protestant involves a levy of .295 mills of the Oklahoma City sinking fund.

Protestant contends:

"It is the contention of the protestant that under the provisions of section 4507, C. O. S. 1921, and for additional reasons, the operating profit of revenue producing public utilities must be deducted from the estimated needs for the sinking fund requirements, and such net profits should be used to retire the interest and three per cent. of the principal on bonds issued for the acquisition or construction of such revenue producing utilities."

This contention is settled by the rule announced in Perrine v. Bonaparte, 140 Okla. 165, 282 Pac. 332, wherein this court held:

"Neither statute nor Constitution specifically prescribes rates to be charged by municipally owned utility; neither statute nor Constitution specifically prescribes purpose to which profits derived from municipally owned utility must be appropriated."

As we view it, it is a matter of legislative discretion where a surplus from the water department shall be applied. We have announced the rule for the application

thereof under existing statutes in cause No. 20460, In re Protest of Charles W. Bliss et al., this day decided (pending on rehearing).

There was no error on the part of the Court of Tax Review, and that judgment on this proposition is affirmed.

The second proposition submitted by the protestant involves a levy of 1.65 mills of the Oklahoma city general fund. It is contended that:

"The ground of complaint is the fact that there was included in the appropriated needs for the waterworks department of Oklahoma City, for the aforesaid fiscal year, capital expenditures which plaintiff in error contends can be incurred only by virtue of and pursuant to a bond election held for the purpose of authorizing such expenditures, and that no election was held authorizing the issuance of bonds or the disbursements of current expense for capital expenditures."

We had this contention under consideration in cause No. 20460, In re Protest of Charles W. Bliss et al., supra, and there held contrary to this contention. In our opinion, "current expense," as used in our statute, is not limited to items that will be used exclusively during the fiscal year in which they are purchased. There is nothing in our statutes prohibiting the making of "capital expenditures," including new equipment, main extensions, service installations, new meters and meter box replacements, from the current expense fund.

An appropriation for current expenses which includes items of a semi-permanent nature and which will remain for use after the expiration of the fiscal year in which they are purchased, is not, for that reason, void in whole or in part.

There was no error on the part of the Court of Tax Review in rendering judgment for protestee on this proposition, and that judgment is affirmed.

The third proposition submitted by protestant involves a levy of .37 mills for library purposes, and it is contended that this levy is void for the reason that no election was held to authorize a levy in addition to the 6 mills.

This contention is determined by the rule announced by this court in Re Protest of Chicago, R. I. & P. Ry. Co., No. 20263, opinion filed June 25, 1929, 137 Okla. 186, 279 Pac. 319, wherein this court sustained a levy made for library purposes under the provisions of chapter 7, S. L. 1927. We apply the same rule here, and hold that a levy for library purposes in excess of the limitation for current expenses is valid under the provisions of chapter 7, S. L. 1927.

There was no error on the part of the Court of Tax Review in rendering judgment for the protestee on this proposition, and that judgment is affirmed.

The only proposition submitted by the protestee involves a levy of .29 mills for county highway purposes, and the question presented by the protestee is,

"Is the county entitled to receive from the State Treasurer the ¼ mill of state levy provided for in section 10204, C. O. S. 1921, without making a levy for county highway purposes?"

Protestee admits the correctness of the holding of the Court of Tax Review if the amount apportionable from the state highway ¼ mill tax to the county is payable to the county when the county excise board has not levied the tax provided by section 10202, C. O. S. 1921.

We think it unnecessary to determine the effect of section 22, ch. 48, S. L. 1923-24. The question presented cannot be raised by the excise board or by the county, and can only be raised by a refusal of the state officials to pay over to the county the highway apportionment. Since the county receives the money, neither the county nor the excise board can complain. The amount of the apportionment, with other available funds, is sufficient for the needs of the municipality without the levying of a tax, and no levy is necessary.

There was no error on the part of the Court of Tax Review in rendering judgment for the protestant on that proposition, and that judgment is affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur.