## ADJUSTMENT REALTY CO. et al. v. EXCISE BOARD OF MUSKOGEE COUNTY.

No. 20539. Opinion Filed Dec. 17, 1929.

Rehearing Denied Jan. 28, 1930.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for protestant.

Sam H. Lattimore, Co. Atty., and Bower Broaddus, City Atty., for protestee.

ANDREWS, J. The Adjustment Realty Company, a corporation, protested certain tax levies made by the excise board of Muskogee county for the fiscal year beginning July 1, 1928, as illegal and excessive. An appeal was taken by the protestant from the judgment of the Court of Tax Review.

The protestant presents three propositions, which we will consider in the order of their presentation.

The first proposition is as follows:

"The levy of ten mills made by Muskogee county for general purposes, exclusive of sinking fund, is in excess of the statutory and constitutional limit of eight mills, and since it was made without the vote of the electors thereon, is invalid to the extent of two mills."

The basis of this contention is that the county tax levies, other than for sinking fund, may exceed 8 mills only when the amount needed for separate school purposes is in excess of 4 mills, and it is contended that the general fund levy and separate school levy must be determined prior to that of the levy for any county purpose other than the sinking fund, and that if the total of the general fund and separate school fund levies is equal to 8 mills, no other levy may be made, and that the total of other levies may not exceed the balance remaining after deducting from 8 mills the amount of the general fund levy and separate school levy.

Under section 9, art. 10, of the Constitution and chap. 48, S. L. 1921, the county excise board in counties where separate schools are maintained may make a levy for the maintenance of separate schools within the limitation of 8 mills, and if such levy be insufficient for the maintenance of such schools under the proviso to section 9, art. 10, of the Constitution and section 1, chap. 48, S. L. 1921, an additional levy of 2 mills may be made in aid of the common schools. including separate schools, and it is the duty of the excise board to make adequate levy for the separate schools within those limitations, even though such levy may exceed other statutory limitations provided by acts of the Legislature. Board of Education of Guthrie v. Excise Board of Logan County, 86 Okla. 24, 206 Pac. 517.

Under section 9692, C. O. S. 1921, the levy for the general fund may not exceed 4 mills in counties having the population of Muskogee county. That section provides for levies for general fund purposes in excess of 4 mills in counties having different population. This opinion will be confined to a maximum rate of 4 mills. This fund, being for the purpose of maintaining the government, is mandatory, and in determining the levies to be made the excise board must make a levy sufficient for general fund purposes, not exceeding 4 mills. Mayer et al. v. Jones, 113 Okla. 119, 239 Pac. 904, and Oklahoma News Co. v. Ryan, 101 Okla. 151, 224 Pac. 969.

The maintenance of the public school system under our system of government is second in importance to the maintenance of the government, and a levy for separate school purposes must be made immediately after the levy for general fund purposes.

This levy, with the levy for general fund purposes, cannot exceed 10 mills, and this levy may be in a sum equal to the difference between 10 mills and the maximum amount authorized by the Legislature levied for the general fund.

In determining whether or not a levy can be made for county funds other than the general and separate school funds, the amount of the separate school fund levy should be deducted from 10 mills, and at least 2 mills must be deducted from the 10 mills. There should then be deducted the amount of the general fund levy not exceeding the maximum amount authorized by the Legislature. The total of the levies for other funds may not exceed the difference so computed.

In the case at bar there was a levy of 4 mills for a general fund and 3.4 mills for a separate school fund. Deducting the levy for separate school purposes from 10 mills leaves 6.6 mills, and deducting the 4 mills for the general fund leaves 2.6 mills which was available for levies for other funds. It appears that the combined levies for other funds did not exceed 2.6 mills, and the same are valid. This computation is sustained by the rule announced in Simmons v. Stuckey, 113 Okla. 200, 241 Pac. 124.

It is here contended that the need for separate schools was 4 mills and a levy of only 3.4 mills was made. We do not think that that question can be presented by this protestant. If the needs of the separate schools were not supplied, the error might be corrected in a proper proceeding, but it cannot be attacked in this sort of a proceeding.

There was no error on the part of the Court of Tax Review on this proposition, and its judgment is affirmed.

The second proposition is on four contentions attacking the county highway fund.

The first contention is settled by an application of the rule announced by this court in Missouri, K. & T. Ry. Co. v. Washington Co., 136 Okla. 191, 276 Pac. 769, and Turner v. Cox, 138 Okla. 225, 280 Pac. 568. We think, under the facts shown by the record in this case, that the levy for county highway purposes was valid. There being no error on the part of the Court of Tax Review, the judgment on that contention is affirmed.

The second contention is settled by an application of the rule announced in the same authorities.

The county commissioners are not only authorized to detail the expenditures in the county highway fund, but are required to show the location of the work to be performed, and if they care to divide the appropriation among the three commissioners' districts, we think their judgment cannot be attacked in this sort of a proceeding. There was no error on the part of the Court of Tax Review, and its judgment on this contention is affirmed.

The third contention is that the location of the bridges must be shown. The record shows an appropriation for bridges, as follows:

"Construction of Bridges and Culverts, District No. 2."

The question involved is whether or not that is sufficient under the provisions of section 9698, C. O. S. 1921, which requires a showing of the location of each proposed bridge and the amount appropriated therefor separately stated.

We do not think that the statute has been complied with, but, inasmuch as protestant has not presented this contention in the petition in error, it is not subject to review in this court. The judgment of the Court of Tax Review on this contention is affirmed.

The fourth contention under this proposition is that the 10 per cent. added to the total county highway appropriation for delinquency was improperly computed. It is contended that the 10 per cent. should not have been added.

Where the estimated income from other sources is sufficient to supply the needs of the highway fund, no tax levy is necessary for that fund. A tax levy is not required to be made where there are ample funds on hand or estimated to be received from sources other than ad valorem taxation. El Reno Wholesale Grocery Co. v. Taylor, 87 Okla. 140, 209 Pac. 749; Hines v. Dalton, 90 Okla. 239, 217 Pac. 168. If, however, a tax levy is necessary to be made, then it must be made in the manner provided by the statutes, which require the addition of 10 per cent. for delinquency. In the case at bar the estimated income from other sources was insufficient and a tax levy was necessary to make up the deficiency. The only provision for making a levy requires the addition of 10 per cent. and 10 per cent. was required to be added. We must keep clearly in mind the distinction between appropriations and levies. The excise board is authorized to make an appropriation in

the amount of the funds available without a levy. In such a case there is no necessity for the addition of 10 per cent. If, however, a levy is necessary, then the 10 per cent. must be added.

There was no error on the part of the Court of Tax Review on this contention, and that judgment is affirmed.

The third proposition involves an apportionment between the general and sinking funds of the city of Muskogee.

The protestant says:

"It is admitted in the agreed statement of facts that previous years taxes had been paid under protest as to a portion of the sinking fund of the city of Muskogee; that such taxes were held by the county treasurer separate and apart from other taxes and that in remitting to the city treasurer, the county treasurer remitted only those amounts of taxes collected by him, exclusive of the amounts held by him in his protest account. When received by the city, the auditor neglected to allow for that portion of the sinking fund held under protest and divided the amount received by him between sinking fund and general fund of the city in the same ratio as if he had actually received all of the taxes paid. The result of this method of apportionment was that at the beginning of the fiscal year there was in the sinking fund more than $19,000 which should have been allotted or apportioned to the general fund of the city.'"

And protestee says:

"Otherwise, when the city auditor of Muskogee received funds from the county treasurer by virtue of tax levies for such year, he distributed such funds to all the different appropriations the same as though no protest had been filed and he didn't consider the fact the county treasurer was holding certain protested taxes. He distributed the taxes for the general and sinking funds the same as though no protest had been made."

It appears that the taxes complained of were for the fiscal year beginning July 1, 1925, and the wrongful apportionment, if any, occurred during that year. If the apportionment was erroneous, it could have been attacked by a taxpayer during the fiscal year beginning July 1, 1926, but no attack was made on it during that year, and no attack was made on it during the fiscal year beginning July 1, 1927. The attack is made in the fiscal year beginning July 1, 1928. The right of the protestant, if any, was waived by a failure to assert it at a proper time, and the contention of the protestant cannot be sustained on the record

as shown here. The judgment of the Court of Tax Review on this proposition is affirmed.

The judgment of the Court of Tax Review is in all things affirmed.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur.

Note.—See "Appeal and Error," 3 C. J. §1100, p. 1088, n. 80. "Counties," 15 C. J. §349, p. 636, n. 87; §350, p. 639, n. 16. "Highways," 29 C. J. §494, p. 728, n. 88; §496, p. 731, n. 23. "Municipal Corporations," 44 C. J. §4120, p. 1164, n. 32. "Schools and School Districts," 35 Cyc. p. 1002, n. 7.