## PROTEST OF OKLAHOMA PIPE LINE CO.

No. 20449.   Opinion Filed Feb. 3, 1931.

West, Gibson, Sherman, Davidson & Hull, for protestant.

Homer H. Bishop, Co. Atty., and Otis H. Presson, Asst. Co. Atty., for protestee.

ANDREWS, J.   This is an appeal from the order of the Court of Tax Review denying the protest of the Oklahoma Pipe Line Company against certain tax levies of Seminole county alleged to be illegal, excessive, and void.

The protestant presents the question of the right of the excise board to add ten per cent. to the amount of the appropriation made for highway purposes and to fix the rate of levy on the total needs including the ten per cent. addition.

It was agreed that to the amount of the appropriation there was added ten per cent. and that the total of the balance on hand and receipts from other sources, including state levy, automobile license tax, gasoline excise tax, gross production tax and bus tax, was less than the amount of the appropriation without the ten per cent. addition. The Court of Tax Review approved the calculation as made and the rate of levy fixed. The excise board ascertained the amount of the appropriation, added thereto ten per cent. of the amount thereof, and deducted the amount of the balance on hand and receipts from other sources, leaving the amount to be raised by ad valorem taxation, $175,731.91. The protestant contends that the balance on hand and receipts from other sources should be deducted from the amount of the appropriation without the additional ten per cent., leaving the amount required to be raised for ad valorem taxation to be $66,988.16.

This court, in St. Louis-S. F. Ry. Co. v. Bonaparte, 142 Okla. 177, 286 Pac. 343, and in Protest of Murray, 140 Okla. 240, 285 Pac. 80, held that where the balance on hand and estimated income from other sources was sufficient to satisfy the needs of the county highway fund, no tax levy is necessary and that the ten per cent. should not be added to the amount of the appropriation.

The protestant contends that the ten per cent. is added for the purpose of insuring that the funds collected will be equal to the amount appropriated and calls attention to the fact that in the case at bar the tax levy is sufficient to raise $175,000 to meet a requirement of $66,000 and that the ten

per cent. addition should not be made to that portion of receipts from other sources derived from state levy, gross production tax, gasoline excise tax, automobile license tax and bus tax. The protestant contends that these taxes are levied and collected regardless of any act by the excise board; that they do not depend upon the action of the county officials and that in many counties the county highway fund is appropriated from these sources without any ad valorem tax levy.

The protestant contends that the rule announced by this court in Hines v. Dalton, 90 Okla. 239, 217 Pac. 168, has no application to the situation now before this court and that that rule applies only to current expenses and for sinking fund purposes.

This court, in Adjustment Realty Co. v. Excise Board, 141 Okla. 130, 284 Pac. 27, determined this identical contention and said:

"Where the estimated income from other sources is sufficient to supply the needs of the highway fund, no tax levy is necessary for that fund. A tax levy is not required to be made where there are ample funds on hand or estimated to be received from sources other than ad valorem taxation. El Reno Wholesale Grocery Co. v. Taylor, 87 Okla. 140, 209 Pac. 749; Hines v. Dalton, 90 Okla. 239, 217 Pac. 168. If, however, a tax levy is necessary to be made, then it must be made in the manner provided by the statutes which require the addition of 10 per cent. for delinquency. In the case at bar the estimated income from other sources was insufficient, and a tax levy was necessary to make up the deficiency. The only provision for making a levy requires the addition of 10 per cent., and 10 per cent. was required to be added. We must keep clearly in mind the distinction between appropriations and levies. The excise board is authorized to make an appropriation in the amount of the funds available without a levy. In such a case there is no necessity for the addition of 10 per cent. If, however, a levy is necessary, then the 10 per cent. must be added."

The second proposition raised by the protestant is that notwithstanding the decision of this court in Missouri, K. & T. Ry. Co. v. Washington Co., 136 Okla. 191, 276 Pac. 769, section 10202, C. O. S. 1921, as amended by chapter 48, Sess. Laws 1923-24, is in violation of section 20, art. 10, of the Constitution and inoperative and void. The specific contention is made that section 10202, supra, is unconstitutional and therefore could not be amended and that the amendment thereof gives it no validity. We cannot agree with that contention, but apply the rule followed in Rogers, Co. Treas., v. Bass & Harbour Co., 64 Okla. 321, 168 Pac. 212.

We do not consider the rule announced by this court in School District No. 85, Kay County, v. School District No. 71, Kay County, 135 Okla. 270, 276 Pac. 186, to be in point. That case dealt with a school district and a different statute.

There was no error in the judgment of the Court of Tax Review, and that judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. KORNEGAY, J., not participating.