## ACRES et al. v. EXCISE BOARD OF MUSKOGEE COUNTY.

No. 21393. Opinion Filed March 10, 1931.

Rehearing Denied May 19, 1931.

Charles A. Moon, Francis Stewart, and Joseph C. Stone, for plaintiffs in error.

William B. Moore and S. H. Lattimore. for defendant in error.

ANDREWS, J. Sudy Acres et al. protested certain tax levies for the city of Muskogee, which protests were denied by the Court of Tax Review, and from the judgment of that court an appeal was taken to this court.

The record shows that earnings from the water department were appropriated by the city to the current expense fund.

It is the contention of the protestants that, under the charter provisions of the city, this attempted appropriation to the current expense fund is expressly prohibited, further than an appropriation equivalent to the taxes that would be levied against the waterworks plant if it were privately owned.

There is an additional proposition involving the bond issue authorized in 1901, the proceedings for which provide that no tax levies should be made therefor, unless the earnings thereof are not sufficient to care for the sinking fund requirements. That bond issue, being dated prior to the date of the adoption of the Constitution, would not be governed by the constitutional provisions.

Those contentions have been heretofore determined by this court.

One of the leading cases on the first contention is Perrine v. Bonaparte, Co. Treas., 140 Okla. 165, 282 Pac. 332, in which it was held that a compliance with the Constitution, section 27, art. 10, requiring a tax levy for the city to pay the interest on and to create a sinking fund for the retirement of the bonds issued pursuant thereto, is a part of the contractual obligation assumed through the issuance of the bonds issued pursuant thereto.

While it is true that the city charter of the city of Muskogee is controlling as to the disposition of the funds of that city received from the operation of its public utilities, that fact has no bearing on the issue presented here. Where public utility bonds are issued pursuant to section 27, art. 10, supra, there must, concurrently with or prior to the issuance thereof, be made a levy of a tax sufficient to take care of the interest and sinking fund requirements, and that levy must be made each and every year during the life of the bonds.

In determining the amount necessary to be raised by ad valorem tax levies for sinking fund purposes, due consideration may be given to the funds on hand available for that purpose. No consideration may be given to receipts from other sources, as is done in fixing the rate of levy for current expense purposes, except only receipts from those tax sources approved by this court in Sutton v. Kalka, 141 Okla. 233, 285 Pac. 1.

We are not dealing with a case where the record shows available funds on hand in the sinking fund, as this record does not show any such funds on hand. We are here dealing with a claim made that funds derived

from the operation of a water and light plant after the making of a levy for a current year for sinking fund purposes should be estimated as on hand for the purpose of reducing the amount of the rate of levy for sinking fund purposes. We cannot approve that contention. We held to the contrary in Gulf, C. & S. F. Ry. Co. v. Excise Board of Love County, 141 Okla. 34, 283 Pac. 1003, and we therein held that that rule applied even though the funds that should have been credited to the sinking fund had been wrongfully credited to the general fund, where the amount had been expended and there was no balance in the general fund available for that purpose. The same question was presented and the same determination thereof made in Protest of St. Louis-S. F. Ry. Co., 143 Okla. 105, 287 Pac. 1028, in which the light plant had been sold under an agreement to make annual payments thereon. The right to estimate that those payments would be made for the purpose of reducing the rate of levy for sinking fund purposes was denied.

The second contention was before this court in Pitts, Co. Treas., v. Allen, 138 Okla. 295, 281 Pac. 126, and was determined adversely to the contentions of the protestant.

Since the issue is not before this court, we will not herein determine what remedy should be pursued by the taxpayers of the city of Muskogee to secure an application of the proceeds from its water and light fund in accordance with the provisions of its charter.

The judgment of the Court of Tax Review as to the sinking fund of the city of Muskogee is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CULLISON, J., absent.