## ADJUSTMENT REALTY CO. et al. v. EXCISE BOARD OF MUSKOGEE COUNTY.

No. 21392. Opinion Filed March 10, 1931.

Rehearing Denied May 19, 1931.

Charles A. Moon, Joseph C. Stone, and Francis Stewart, for plaintiffs in error.

S. H. Lattimore and William B. Moore, for defendant in error.

ANDREWS, J. The Adjustment Realty Company et al. protested certain tax levies of the city of Muskogee and of Muskogee county, which protests were denied by the Court of Tax Review, and from the judgment of that court an appeal was taken to this court.

We are here asked to overrule the decision of this court in Missouri, K. & T. Ry. Co. v. Washington County, 136 Okla. 191, 276 Pac. 769, and the subsequent decisions of this court based thereon, as erroneous, illogical, and in conflict with the rule announced by this court in Franklin v. Ryan, Co. Treas., 125 Okla. 161, 256 Pac. 932, and to strike down chapter 48, Session Laws 1923-24, as unconstitutional. The same contention was made and denied in Adjustment Realty Co. v. Excise Board of Muskogee County, 141 Okla. 130, 284 Pac. 27. The argument of the

protestants is not persuasive, and the judgment of the Court of Tax Review as to the constitutionality of the act is affirmed.

The protestants contend that the appropriation made for roads and bridges was not properly itemized and that it is for that reason void. That contention was denied by this court in Adjustment Realty Co. v. Excise Board, supra, on the ground that it was not presented in the petition in error. It is here said that the judgment of the Court of Tax Review from which the former appeal was taken was only as to certain contentions therein made; that other contentions, including this one, were reserved by that court for determination; and that the presentation of that contention to this court in the briefs in that case was through error on the part of protestants' attorneys. This record sustains that statement of facts. The issue here presented was not considered or decided by that court prior to the first appeal and it was considered and determined by that court adversely to protestants in the last hearing.

We are of the opinion "from the record" that, the question of the itemization not having been considered or the effect thereof determined by the Court of Tax Review prior to the first appeal, that question was not before this court at the time of the opinion on the first appeal and that it is now properly before this court for determination.

Where a part of a protest of a tax levy is inadvertently submitted to this court in briefs, but not in the petition in error, and is denied by this court because it was not submitted in the petition in error, and it thereafter appears that the question was not submitted to the Court of Tax Review for determination by it and was not determined by it prior to the first appeal, it may be submitted thereafter to the Court of Tax Review, if it was not waived by the protestant at the first hearing, notwithstanding the denial thereof by this court on the first appeal, for the reason stated.

Thus, we have for consideration the question of itemization of the levy for highway purposes. The estimate for county highway purposes was itemized, and among the items were three, one of which was for "Construction of Bridges and Culverts—Dist. No. 1," and similar items for districts Nos. 2 and 3. That is not a sufficient itemization thereof and the appropriations based thereon must fail. The estimate so made was in violation of section 9698, C. O. S. 1921, and the levy based thereon is void. Grubb v. Smiley, Co. Treas, 142 Okla. 19, 285 Pac. 38.

The judgment of the Court of Tax Review as to the highway fund of Muskogee county for the fiscal year commencing July 1, 1928, is reversed, with directions to sustain protest as to the appropriation and levy based thereon for the construction of bridges and culverts.

There was a protest against a levy of 3.012 mills for the sinking fund of the city of Muskogee for interest and principal on public utility or water works bonds issued pursuant to section 27, art. 10, of the Constitution. It is here contended that a portion of this fund should have been paid from the operation of the water works plant of the city.

This court has, from time to time, determined this question, one of the leading cases being Perrine v. Bonaparte, Co. Treas., 140 Okla. 165, 282 Pac. 332, in which it was held that a compliance with the Constitution, section 27, art. 10, requiring a tax levy for the city to pay the interest on and to create a sinking fund for retirement of the bonds issued pursuant thereto, is a part of the contractual obligation assumed through the issuance of the bonds issued pursuant thereto.

While it is true that the city charter of the city of Muskogee is controlling as to the disposition of the funds of that city received from the operation of its public utilities, that fact has no bearing on the issue presented here. Where public utility bonds are issued pursuant to section 27, art. 10, supra, there must, concurrently with or prior to the issuance thereof, be made a levy of a tax sufficient to take care of the interest and sinking fund requirements, and that levy must be made each and every year during the life of the bonds.

In determining the amount necessary to be raised by ad valorem tax levies for sinking fund purposes, due consideration may be given to the funds on hand available for that purpose. No consideration may be given to receipts from other sources, as is done in fixing the rate of levy for current expense purposes, except only receipts from those tax sources approved by this court in Sutton v. Kalka, 141 Okla. 233, 285 Pac. 1.

We are not dealing with a case where the record shows available funds on hand in the sinking fund, as this record does not show any such funds on hand. We are here dealing with a claim made that funds derived from the operation of a water and light plant after the making of a levy for a current year for sinking fund purposes

should be estimated as on hand for the purpose of reducing the amount of the rate of levy for sinking fund purposes. We cannot approve that contention. We held to the contrary in Gulf, C. & S. F. Ry. Co. v. Excise Board of Love County, 141 Okla. 34, 283 Pac. 1003, and we therein held that that rule applied even though the funds that should have been credited to the sinking fund had been wrongfully credited to the general fund, where the amount had been expended and there was no balance in the general fund available for that purpose. The same question was presented and the same determination thereof made in Protest of St. Louis-S. F. Ry. Co., 143 Okla. 105, 287 Pac. 1028, in which the light plant had been sold under an agreement to make annual payments thereon. The right to estimate that those payments would be made for the purpose of reducing the rate of levy for sinking fund purposes was denied.

Since the issue is not before this court, we will not herein determine what remedy should be pursued by the taxpayers of the city of Muskogee to secure an application of the proceeds from its water and light fund in accordance with the provisions of its charter.

The judgment of the Court of Tax Review as to the sinking fund of the city of Muskogee is affirmed.

The cause is remanded to the Court of Tax Review, with directions to take such action as is necessary in compliance herewith.

LESTER, C. J., and RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., dissents. CULLISON, J., absent.