terms purported to make or authorize such an exemption.

"The Act of May 27, 1908, contains no express exemption from taxation of the proceeds of restricted lands, but section 4 expressly subjects land from which restrictions have been removed to state taxation. This section was adopted in response to representations that the revenue of the state of Oklahoma was insufficient for state purposes, that large areas of land within the state allotted to Indians were exempt from taxation as agencies of the federal government, and that Indian citizens were enjoying the benefit of local government without taxation. Report of the Senate Committee on Indian Affairs, S. Rep. No. 575, 60 Cong., 1st Sess.; Report of the House Committee on Indian Affairs, H. Rep. No. 1454, 60th Cong., 1st Sess.

"At the time of this legislation restrictions on some allotted lands had been removed by reason of the expiration of the restricted period. There were also allotments on behalf of allottees dying before allotment which, in the hands of their heirs, were unrestricted. See Marchie Tiger v. Western Invest. Co., 221 U. S. 286, 55 L. Ed. 738, 31 Sup. Ct. Rep. 578. It cannot be assumed that Congress, at a time when it was withdrawing allotted lands from their former exemption in order that Indian citizens might assume the just burdens of state taxation, intended to extend a tax exemption by implication. In any case the Secretary of the Interior has never, by rule or regulation or other action, purported to exempt such lands from state taxation. No such action is to be implied from his authorized action in restricting the power of the Indian grantee to alienate the land."

Our attention is called to no decision based on the state of facts herein presented holding to the contrary, although there are statements made in some of the decisions which seem to give effect to the contentions of the plaintiff. When those cases are analyzed, they are found to be based upon some treaty provision or federal act not applicable to the surplus land of a half-blood Cherokee Indian allottee after the expiration of the term of restrictions imposed thereon.

We conclude that Congress, by the provisions of section 1 of the Act of May 27, 1908, provided that the restrictions upon land such as is in question here should be removed; that any restrictions thereon were thereby removed, and that Congress further provided by the provisions of section 4 thereof that such land should be subject to taxation. Nowhere has Congress provided that such land should cease to be subject to taxation upon the death of the allottee and the inheritance by full-blood Indian heirs. In the absence of a treaty stipulation to that effect or a federal law to that effect, the land is subject to taxation under the provisions of the Constitution and laws of the State of Oklahoma.

The judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings in accord herewith.

CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CULLISON, J., absent.

**BUTLER v. HARNAGE, County Treas.**

No. 21559. Opinion Filed June 2, 1931.

Stone, Moon & Stewart, for plaintiff in error.

S. H. Lattimore, Co. Atty., and Wm. B. Moore, City Atty., for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Muskogee county, Okla., in favor of the defendant in error denying a tax protest therein filed.

It was stipulated herein that the sole question here is the same as the question presented in cause No. 21393, Acres et al. v. Excise Board of Muskogee County, 149 Okla. 84, 299 Pac. 136, and the same as one of the questions presented in cause No. 21392, Adjustment Realty Company et al. v. Excise Board of Muskogee County, 149 Okla. 70, 299 Pac. 207, and that with the approval of this court, judgment herein may follow the

rule announced in the determination of that question in the cases cited. The question herein and in the two cases cited is the validity of the ad valorem tax levy for sinking fund purposes for the city of Muskogee. The fiscal year involved in this case is 1925-26. In the cases cited this court held:

"In determining the amount to be raised by ad valorem taxation for a sinking fund, there may be deducted from the amount of the needs for that fund the amount to be raised by taxation from the automobile license tax, gasoline excise tax and gross production tax, which are in lieu of ad valorem taxation, not to exceed the amount of tax from those sources for the preceding year, but there can be no deduction made from estimated receipts other than from those named and from ad valorem taxation."

The same rule is herein applied.

The judgment of the district court of Muskogee county is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.

**EXPRESS REALTY CO. v. HARNAGE, County Treas.**

No. 21560. Opinion Filed June 2, 1931.

Stone, Moon & Stewart, for plaintiff in error.

S. H. Lattimore, Co. Atty., and Wm. B. Moore, City Atty., for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Muskogee county, Okla., in favor of the defendant in error, denying a tax protest therein filed.

It was stipulated herein that the sole question here is the same as the question presented in cause No. 21393, Acres et al. v. Excise Board of Muskogee County, 149 Okla. 84, 299 Pac. 136, and the same as one of the questions presented in cause No. 21392, Adjustment Realty Company et al. v. Excise Board of Muskogee County, 149 Okla. 70, 299 Pac. 136, and that with the approval of this court judgment herein may follow the rule announced in the determination of that question in the cases cited. The question herein and in the two cases cited is the validity of the ad valorem tax levy for sinking fund purposes for the city of Muskogee. The fiscal year involved in this case is 1926-27. In the cases cited this court held:

"In determining the amount to be raised by ad valorem taxation for a sinking fund there may be deducted from the amount of the needs for that fund the amount to be raised by taxation from the automobile license tax, gasoline excise tax and gross production tax, which are in lieu of ad valorem taxation, not to exceed the amount of tax from those sources for the preceding year, but there can be no deduction made from estimated receipts other than from those named and from ad valorem taxation."

The same rule is herein applied.

The judgment of the district court of Muskogee county is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., absent.

**B. B. & WAITE DRILLING CO. et al. v. ROWLAND et al.**

No. 21889. Opinion Filed June 2, 1931.