## PROTEST OF CHICAGO, R. I. & P. RY CO.

No 22129.   Opinion Filed Sept. 8, 1931.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for protestant.

Earl Pruet, Co. Atty., for protestee.

ANDREWS, J. This is an appeal by the protestee from a judgment of the Court of Tax Review sustaining a protest of the Chicago, Rock Island & Pacific Railway Company of a part of the levy of the sinking fund of Jefferson county for the fiscal year commencing July 1, 1930.

The facts out of which this controversy arose are as follows: Sometime prior to March, 1928, the qualified voters of Jefferson county, at an election held for that purpose, authorized the issuance by the county of bonds to the amount of $600,000 and the sale thereof to procure funds for the construction of permanent roads in the county. The bonds were issued and sold and the proceeds thereof constituted a special fund for the purpose for which the bonds were authorized to be issued. The board of county commissioners entered into a contract with the State Highway Commission for the construction of certain roads by the State Highway Commission, and it was agreed that the cost thereof should be paid as follows: one-third by the county, one-third by the state, and one-third from federal appropriations. Pursuant thereto the State Highway Commission filed a claim with the county commissioners in the amount of $200,000 for the purpose of procuring from the county the sum of $200,000 to be used by the State Highway Commission in the payment of the county's share of the cost of the construction of the roads. The claim was allowed and $200,000 was transferred from the special fund of the county to the State Treasury for the use and benefit of the State Highway Commission. The construction of the roads was delayed, and, pending the construction thereof, the State Treasurer collected interest on the funds held by the State Treasurer from the state deposi-

tory. Pursuant to the provisions of section 1, ch. 49, Session Laws of 1921, the interest received by the State Treasurer upon money held in the state depository to the credit of the State Highway Commission was credited by the State Treasurer to the State Highway Commission, and that portion thereof arising from the money deposited with the State Highway Commission by the county was credited by the State Highway Commission to the Jefferson county deposit of funds.

The basis of this protest is that the amount of interest collected on the $200,000 deposited by the county with the State Highway Commission should have been considered as a part of the cash on hand in the sinking fund of Jefferson county in making the financial statement and estimate of needs of that county for the fiscal year in question, and that, because of the failure to include the same therein, the rate of levy fixed for the county sinking fund was excessive.

There are thus presented two questions: First: Was the amount of money derived from the interest, as aforesaid, held by the State Treasurer and credited to the Jefferson county deposit of funds by the State Highway Commission, cash of the county on hand? And second: If so, was the same a part of the sinking fund of the county?

The first proposition presented by the protestee is that, if any part of the interest so collected should be considered as cash on hand in the sinking fund of the county, it is only that part earned during the fiscal year commencing July 1, 1929. In support thereof, the protestee cites Adjustment Realty Co. v. Excise Board, 141 Okla. 130, 284 Pac. 27. That case is decisive of the effect of the apportionment of receipts by a county treasurer, and, under that rule, the apportionment of interest collected by a county treasurer prior to the fiscal year commencing July 1, 1929, to any fund is conclusive against an attack on the apportionment made during the fiscal year commencing July 1, 1930. However, that rule has no application where there is cash on hand which has not been apportioned to any fund. Where there is cash on hand and no apportionment thereof to any fund has been made, the question of where and how it should be apportioned is one to be determined by the court, where there is any contest as to the apportionment thereof. There is nothing in this record to show that the amount of interest collected has ever been apportioned by the county to any fund.

The second proposition presented by the protestee is that all the interest so collected should be credited to the State Highway Commission, pursuant to the provisions of the contract between the State Highway Commission and the board of county commissioners, under the provisions of section 1, ch. 49, Session Laws of 1921, supra. The contract between the board of county commissioners and the State Highway Commission is not shown by the record and there is nothing in the record to show the provisions thereof. For that reason this court is unable to say whether the interest so collected is held by the State Highway Commission, under the contract, or whether it is held by the State Highway Commission for the use and benefit of the county to be paid to the county on the filing of a proper claim therefor.

The third proposition presented by the protestee is that the interest should be placed in the common school fund of the county. In support of that contention, the case of State ex rel. Power v. Wenner, Co. Treas., 121 Okla. 190, 249 Pac. 408, and section 8583, C. O. S. 1921, are cited. That section relates to interest received from deposits with banks, pursuant to the provisions of the county depository law. The interest in question was not interest on daily balances on money deposited by a county in pursuance of the provisions of the county depository law, and neither the case nor the statute cited has any application to the facts in this case.

The protestant relies on the provisions of section 8576, C. O. S. 1921, and the decision of this court in Aaronson v. Smiley, Co. Treas., 142 Okla. 29, 285 Pac. 59. The statute cited relates to money remaining on hand in the sinking fund of the municipality. The interest in controversy was not on hand in the sinking fund of the county. It was not in the hands of the State Treasurer. It was not accrued interest on bonds or the net premium derived from the sale of bonds, as considered in the decision cited.

If the contract between the State Highway Commission and the board of county commissioners permits the State Highway Commission to hold the interest received on the deposit made by the county with the State Highway Commission, it cannot be considered as cash of the county on hand. If the contract does not permit the holding of the same by the State Highway Commission, then the State Highway Commission holds the same for the use and benefit of the county, and the county may obtain the same by filing a proper claim therefor. Until paid, it is not cash of the county on hand.

Our attention has been called to no statute, and we know of none, providing where interest collected as this interest was collected should be placed by the county officers when paid to the county. We call this to the attention of the Legislature.

The judgment of the Court of Tax Review is reversed and the cause is remanded to that court, with directions to dismiss this protest.

LESTER, C. J., and CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. HEFNER, J., absent.