## In re CHICAGO, R. I. & P. RY. CO.'s PROTEST.

No. 20234.   Opinion Filed April 1, 1930.

W. R. Bleakmore, John Barry, W. L. Farmer, and Robert E. Lee, for protestant.

Geo. M. Callihan, Co. Atty., and I. L. Harris, Asst. Co. Atty., for protestee.

ANDREWS, J.   This is an appeal from the judgment of the Court of Tax Review sustaining certain protests against tax levies for the fiscal year commencing July 1, 1928, made by the Chicago, Rock Island & Pacific Railway Company.

The first cause of action involves a levy of 3.65 mills for the Oklahoma county general fund, which was alleged to be excessive and void to the amount of .18 mills. The Court of Tax Review sustained that contention.

The only issue involved in this protest is the amount of the surplus balance on hand at the end of the preceding year.   Protestant contends that that balance is $108,219.03 and protestee contends that it is $80,562.09. Protestee admits that if the balance is $108,219.03, the judgment of the Court of Tax Review is correct, but insists that that is not the correct balance; that $127,470.88 on hand June 30, 1928, and collected from the 1924 taxes on June 22, 1928, should be applied to payment of the outstanding warrants for the years 1925 and 1926, and not included in the balance on hand June 30, 1928.

Protestee presents the following question:

"Can unincumbered cash be used to pay off warrants for a subsequent year, after payment from said fund of all warrants outstanding for the current or prior years?"

It is insisted that the rule announced by this court in Gulf Pipe Line Co. v. County Treasurer of Tulsa County, 110 Okla. 163, 236 Pac. 896, should not be applied, for the reason that its application will require the collection of outstanding warrants for 1925 and 1926 either by judgment or funding bond procedure.   We decline to so hold.   The balance on hand from taxes collected on a levy made for the fiscal year 1924, after the payment of all legal charges against that fund, should be credited in determining the balance on hand at the end of the fiscal year 1927, and no part thereof may be used or reserved to pay outstanding warrants for the years 1925 and 1926 as was attempted to be done in this case.   Such a balance is a part of the "* * * surplus balance of revenue or levy, ascertained to be on hand from the previous fiscal year or years. * * *" as provided by section 9699, C. O. S. 1921, and is required thereby to be deducted from

the total needs in determining the amount necessary to be raised by ad valorem taxation for the ensuing fiscal year.

There is no error in the judgment of the Court of Tax Review on the first cause of action, and that judgment is affirmed.

The seventh, eighth, and ninth causes of action involve the general fund of the town of Harrah. There was no dispute as to the facts. The financial statement filed with the excise board showed no resources and the excise board computed the rates of levies on that basis. The protest was on the theory that there was a resource in that during the prior year miscellaneous income to the amount of $367.50 had been collected and there was a surplus balance of $200.95. After the filing of the protest and it became apparent that the 4.50 mills levy would be reduced to 2.40 mills, the excise board of Oklahoma county attempted to increase the appropriation for the town of Harrah from $900 to $1,760. The Court of Tax Review held that the attempted increase of appropriation was unlawful and void, restored the same to $900 and reduced the rate of levy from 4.50 mills to 2.40 mills. No authority is cited by the protestee for an increase in the amount of the appropriation by the excise board as was attempted to be done in this case, and we know of none.

The resources shown in the Court of Tax Review were not shown to or considered by the excise board in fixing the rate of levy, and the existence thereof required a reduction in the rate of levy.

There was no error in the judgment of the Court of Tax Review on these counts, and that judgment is affirmed.

The twelfth cause of action involves the general fund of the town of Choctaw, which was reduced by the Court of Tax Review from .150 mills to .138 mills; the thirteenth cause of action involves the drag fund of the township of Choctaw, which was reduced by the Court of Tax Review from 2 mills to 1.84 mills, and the seventeenth cause of action involves the sinking fund of consolidated school district No. 7, which was reduced by the Court of Tax Review from 1.50 mills to .67 mills.

Concerning the twelfth, thirteenth, and seventeenth causes of action, the protestee, in its brief, says:

"Protestee's petition next complains, as shown by items twelve and thirteen of the protest, certain allegations of alleged error in the preparation of the financial statement of the township of Choctaw. Said financial statements are shown in the case-made at pages 70 to 74, inclusive, and an examination of said statement will show no excess levy was made by the board for the benefit of said municipality. Item 17 of the protestee's petition alleges certain errors in the sinking fund of consolidated school district No. 7, upon which item the protestee confesses error."

That is the only statement in the brief of the protestee of the error in the judgment of the Court of Tax Review, and the petition in error does not point out wherein the judgment of the Court of Tax Review is erroneous. This court declines to examine a case-made for the purpose of determining what error, if any, was committed by the trial court.

"This court will not examine the record in search of prejudicial errors which are not clearly pointed out and insisted on in the brief of the complaining party, and it is not enough to assert in general terms that the ruling of the trial court is wrong, for on this the point will not be considered as having been made; but counsel should support the same with argument and citation of authority where possible." Mires v. Hogan, 97 Okla. 130, 222 Pac. 985.

There was no error in the judgment of the Court of Tax Review on the twelfth, thirteenth, and seventeenth causes of action, and those judgments are affirmed.

The judgment of the Court of Tax Review is in all things affirmed.

MASON, C. J., and HUNT, CLARK, HEFNER, CULLISON, and SWINDALL, JJ., JJ., concur. LESTER, V. C. J., and RILEY, J., absent.