**PROTEST OF CHICAGO, R. I. & P. RY. CO.**

No. 21324.  Opinion Filed June 30, 1931.

W. R. Bleakmore, W. L. Farmer, John Barry, and Robert E. Lee, for protestant.

Geo. M. Callihan, Co. Atty., I. L. Harris. Asst. Co. Atty., W. M. McKenzie, Municipal Counselor, and W. C. Lukenbill, for protestee.

ANDREWS, J. This is an appeal from a judgment of the Court of Tax Review denying the protest of the Chicago, Rock Island & Pacific Railway Company against certain tax levies of Oklahoma county for the fiscal year commencing July 1, 1929. The protestant appealed to this court from the judgment as to three items. We will discuss those items separately.

The first item involves the general fund of Oklahoma county. The record shows that a financial statement and estimate was filed with the county excise board, and that the county excise board revised and corrected the estimate certified to it by striking items therefrom, adding items thereto, increasing items thereof, and decreasing items thereof. The aggregate of the increases in the items was $44,400, which made an increase in the maximum amount estimated by the board of county commissioners of $4,690. The appropriations as made were certified under date of September 19, 1929, prior to publication of the notice of the increases and the same was certified to the Court of Tax Review. Therein a protest was filed by the protestant as to .29 mill of the 3.96 mills levy for the current expense fund of Oklahoma county. Upon the filing of the protest, the county excise board reconvened and took some action to correct the error made. That action was certified to the Court of Tax Review. Thereafter, and upon a hearing before the Court of Tax Review, that court found and held that the error in the appropriations and rates of levy as originally certified to the Court of Tax Review was cured by record as shown by the second certification to the Court of Tax Review, while the protest of the protestant was pending. The protestant contends that the appropriations and rates of levy were void as to .29 mill at the time they were certified to the Court of Tax Review, and that being void they were not and could not be corrected by the subsequent procedure.

At the outset we deem it necessary to determine whether or not the excise board is authorized to increase the amount of the total of the estimated items for current expense purposes beyond that certified to it by the board of county commissioners. In this instance the increase as made was in the amount of $4,690. In our opinion there is no such authority. While, under the provisions of section 9698, C. O. S. 1921, the excise board is given power and authority to revise and correct any estimate certified to it, "by either striking items therefrom, increasing, or decreasing items thereof, or adding items thereto, when in its opinion the needs of the municipality shall require," it is provided that the revisions and corrections shall be as to specific items of the estimate. In our opinion the authority of the excise board does not include the power to make appropriations for current expense purposes aggregating an amount in excess of the aggregate amount estimated to be needed by the municipal officers for current expense purposes. To give the act any other construction would be to defeat the act. If the excise board has the power under the act to make tax levies, the legislation giving it that power is unconstitutional for it was not enacted in accordance with the constitutional requirements for the enactment of such legislation. That the act creating the excise board may be approved, we are forced to the conclusion herein announced.

That the several items of the estimate may be changed as provided by section 9698,

supra, under the limitations therein imposed, is admitted. Among those limitations is one that no item or items of the estimate for current expense purposes may be increased and no item or items for those purposes may be added "until such proposed increase or additional item shall have been advertised and published by the excise board," as therein provided. No publication had been made, as therein provided, at the time the appropriations were made and rates of levy were computed. The question 's thus presented as to whether the excise board could reconvene and make appropriations and compute rates of levy after advertisement and while the appropriations and rates of levy theretofore made and computed were being protested in the Court of Tax Review.

In view of the public question involved, the rights of the taxpayers, and certain ambiguous statements made in the briefs, we have directed the State Auditor to correct the transcript filed herein by transscribing that portion of the records of the Court of Tax Review showing the notice by publication of the proposed increases and additions to the financial estimate made by the excise board, and the same has been filed as a supplement to the transcript in this case, under the provisions of section 786, C. O. S. 1921. The transcript, as supplemented, shows proper and legal notice of the revision and correction of the financial estimate to have been given prior to the final action of the county excise board thereon, and that the appropriations as finally made and rates of levy as finally fixed were based on the financial statement and estimate as revised and corrected by the county excise board after due and legal notice by publication of the proposed increases and additions.

The record shows a state of facts materially different from that shown by the record in Re Protest of Chicago, R. I. & P. Ry. Co., 142 Okla. 242, 286 Pac. 316. Therein an attempt was made by the excise board to increase the amount of the appropriations while the protest was pending in the Court of Tax Review, and this court denied the authority of the excise board to do so. Here the amount of appropriations was not attempted to be increased while the protest was pending before the Court of Tax Review. The amount of appropriations as approved by the Court of Tax Review was identical with that first certified to it by the county excise board. The change made here, after the first certification, was not in the amount of the appropriations, but was a correction of the error caused by the failure to publish notice of increases prior to

the time the increases were made. The rule is stated in Cooley on Taxation, vol. 3 (4th Ed.) pages 2098-2099, as follows:

"If the amount of tax which by law can be imposed for the year is already levied, the authority is, of course, exhausted, and a further levy under any pretense is void. * * * But an abortive attempt to make an assessment does not exhaust the power, and if no other obstacle exists, the officers may disregard the futile action and proceed anew."

The same rule is stated in 37 Cyc. 977, as follows:

"A levy of taxes which is illegal or invalid for irregularities may generally be cured by a relevy in proper form."

The authorities cited by those text-writers support the statements made.

The protestant was deprived of no right. It had ample time for protest after the second certification and took advantage of that opportunity. It thereafter presented its contentions to the Court of Tax Review. We do not think there was sufficient irregularity in the procedure followed to warrant this court in holding the rate of levy invalid, except in so far as hereinbefore held to be invalid.

The judgment of the Court of Tax Review is reversed as to the first item, and the cause is remanded to that court, with directions to direct the excise board to reduce the total amount of the appropriation for current expense purposes in the sum of $4,690 and to reduce the rate of levy in such amount as is necessary to produce the sum of $4,690. Otherwise the judgment of the Court of Tax Review on the first item is affirmed.

The second item presented on this appeal involves the county highway fund, and it is here contended that a surplus was shown on the financial statement when there was, in fact, no surplus but a deficit. This contention was due to a transfer of funds to the county highway fund from the current expense fund. It is here contended that that transfer was illegal and void, and that the amount thereof should have been deducted from the balance shown and the appropriation for county highway purposes reduced accordingly. The legal question, as presented by the protestee in its brief, is:

"Can the excise board cancel appropriations in the road and bridge fund of the general fund of the county and reappropriate like sums in the county highway construction fund?"

The protestee contends that no such transfer could be made and that the rule an-

nounced in Dickinson v. Blackwood, 76 Okla. 175, 184 Pac. 582, Coggeshall & Co. v. Smiley, Co. Treas., 140 Okla. 242, 283 Pac. 778, and Protest of St. L.-S. F. Ry. Co., 143 Okla. 145, 288 Pac. 307, is controlling. The protestee contends that that rule has no application and that the transfer could be made under the provisions of section 9701, C. O. S. 1921, under the authority of M., K. & T. Ry. Co. v. Washington County, 136 Okla. 191, 276 Pac. 769. To determine the question we must determine whether the transfer of funds was within the current expense fund or from the current expense fund to a special fund. If it was from the current expense fund to a special fund, the rule relied upon by the protestant is applicable and the transfer is void, for funds derived from taxation for one purpose may not lawfully be used for any other purpose under the provisions of the Constitution and statutes of this state. That the transfer was from the current expense fund to a special fund, to wit, the county highway construction fund, is clearly shown, and there was thereby erroneously placed in the county highway construction fund the sum of $46,629.91. The funds raised for current expense purposes may not be transferred from the current expense fund into the county highway construction fund. Those funds were not derived from a levy for county highway construction purposes but from a levy for current expense purposes. The judgment of the Court of Tax Review on the second item is reversed. In view of the fact that no rate of levy was fixed for the county highway construction fund, no adjustment may be made in the rate of levy. The Court of Tax Review is directed to cause a reduction to be made in the appropriation for the county highway construction fund.

Item No. 11 involves the general fund of the Oklahoma City school district. The protestant contends that the school district had an amount in the hands of the State Auditor that had been apportioned to the school district, and which was paid to the county treasurer on July 16, 1929, 60 days before the rates of levy were certified to the Court of Tax Review, and that that amount was not considered in the financial statement and estimate. It appears that that amount was apportioned by the county treasurer to the school district on August 2, 1929.

The financial statement and estimate is made as of the close of the fiscal year, and there may not be included therein either receipts or disbursements occurring after the close of the fiscal year. The fact that there were funds in the hands of the State Auditor belonging to the school district does not affect the financial status of the school district for the reason that those funds may or may not be paid to the school district. While it is entirely probable that they will be paid, until they are paid they do not become assets of a school district which must be accounted for in a financial statement and estimate. The judgment of the Court of Tax Review on this item is affirmed.

This cause is remanded to the Court of Tax Review for further proceedings in accordance herewith.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.