**PROTEST OF ST. LOUIS-S. F. RY. CO.**

No. 23864. Oct. 31, 1933.

Withdrawn, Corrected, and Refiled Nov. 7, 1933.

148

E. T. Miller and Cruce & Franklin, for plaintiff in error.

Roy Paul, Co. Atty. and B. W. Carter, Asst. Co. Atty., for defendant in error.

ANDREWS, J. This is an appeal by the protestant from a judgment of the Court of Tax Review denying its protest as to certain taxes levied for the fiscal year commencing July 1, 1931, for Bryan county and some of its political subdivisions.

It is apparent from the record that the Court of Tax Review did not apply the applicable rules to the facts shown by the record in this case. For that reason its judgment must be and it is reversed. By reason of the complicated nature of the evidence, we will not attempt to review the evidence in detail or determine the legal effect thereof, but will leave that duty with the Court of Tax Review under the rule of law applicable thereto, which we will restate herein for the guidance of that court. The issue herein is whether or not the surplus balance of the county and the surplus balances of its various political subdivisions used in computing the rates of levy were correctly used.

In Albrecht v. Jones, Co. Treas., 130 Okla. 277, 267 P. 270, it was held that in deter-

mining the amount of surplus balance of revenue or levy, under the provisions of section 9699, C. O. S. 1921, only cash or liquid assets on hand might be considered, and that uncollected taxes might not be considered. In re Monsell, 142 Okla. 130, 285 P. 836, that rule was held to be too narrow under the provisions of the statute, and a more liberal rule was stated. Under the provisions thereof, in determining the rates of levy for ad valorem taxation, the procedure is as follows: First, the excise board shall ascertain the total valuation of the property taxed ad valorem in the taxing unit as shown by the corrected assessment roll; second, it shall ascertain the needs of the taxing unit for the purpose for which the tax is to be levied and make an appropriation for those needs; third, it shall add to the amount so appropriated ten per cent. of the amount thereof, that being the amount fixed by the statute as the estimated amount of the tax that will not be collected; fourth, from the total so computed it shall deduct the excess of the money collected during previous year or years from tax levies and from sources other than ad valorem taxation for those years over and above the amount of legal indebtedness contracted during those years and remaining unpaid; fifth, from that balance it shall deduct the amount of income that will probably be received during the current year from sources other than ad valorem taxation, the amount of that deduction to be in an amount not in excess of the amount actually collected during the previous year from that source; and sixth, from that balance it shall deduct the amount of income during the current year that will probably be received from ad valorem taxation for the year immediately preceding which is in excess of the legal indebtedness for that year, which amount shall be in an amount not to exceed the amount actually collected from estimated income from that source during the previous fiscal year, and which amount shall not include any portion of the ten per cent. added during the previous year as the amount estimated that could not be collected. The rate of levy so computed shall not be in excess of the constitutional and statutory limitations as to rates of levy.

It will be noted that the authority to deduct an amount as income that will probably be received from ad valorem taxation is limited to ad valorem taxation for the year immediately preceding. There is no authority of law to deduct any amount that is estimated will be received from ad valorem

taxation for any year other than that year immediately preceding the year for which the levy is to be made. That amount is further limited in that it may not exceed the amount actually collected from such source during the preceding year, and it is further limited in that no part of the ten per cent. added for delinquent taxes may be included therein. The particular provision of that rule applicable herein is that there may be no deduction of any amount of tax that is estimated will be received from the collection of ad valorem taxes for any year other than that immediately preceding the year for which the tax levied is being made.

In Chicago, R. I. & P. Ry. Co.'s Protest, 142 Okla. 242, 286 P. 316, this court announced the rule applicable for the determination of the meaning of surplus balance of revenue or levy, in which it said, in effect, that the surplus balance must be computed by ascertaining the surplus balance for each of the preceding years and totaling the amounts thereof, and that the surplus balance for the fiscal year 1924 must be included as a part of the surplus balance in determining the rate of ad valorem taxation for the fiscal year 1928, even though there were unpaid warrants for the fiscal years 1925 and 1926. In other words, in determining the amount of surplus balance of revenue or levy ascertained to be on hand from the previous fiscal year or years, there must be a determination of the surplus balance of revenue or levy for each of those fiscal years, the amounts of which surplus balance must be added and which total constitutes the surplus balance of revenue or levy to be used in determining the rate of ad valorem taxation, though there are intervening years in which there was no surplus balance of revenue or levy, but a deficit. Under that rule, in determining the rate of ad valorem taxation for the fiscal year commencing July 1, 1933, there must be a determination of whether or not there is a surplus balance of revenue or levy for any of the preceding years, and if there is such a surplus balance for any of those preceding years, the amounts thereof must be totaled, and there may not be deducted from that total any amount for any deficit for any preceding year.

In the case at bar it appears that this rule was disregarded and there was charged against the total of the surplus balances for a number of years certain warrants outstanding for other years, in which years there was no surplus balance. That method of computation resulted in reducing the amount of surplus balance of revenue or levy actually on hand for the previous fiscal year or years. Such a method of computation is erroneous. See, also, Protest of Chicago, R. I. & P. Ry. Co., 150 Okla. 167, 1 P. (2d) 383.

It is contended herein that that rule has no application where the amount of surplus balance of revenue or levy for any fiscal year has been actually used in a payment of outstanding warrants for another fiscal year. We so held in Protest of Bledsoe, 161 Okla. 227, 17 P. (2d) 979, and many other decisions of this court. In other words, the excise board is without authority of law to consider as a part of the surplus balance of revenue or levy on hand any amount which is not in existence, even though the amount was unlawfully expended. The reason therefor is plain. But that rule is not applicable where the amount is actually on hand and there has been charged against it outstanding warrants which have not in fact been paid.

Thus is presented a question of fact which the Court of Tax Review must determine, which is, had the amount of the surplus balances shown by the record been actually used in whole or in part for the payment of warrants, or, as contended by the protestant, had that amount been only reduced by charging against it the amount of outstanding warrants, and not by the actual payment of the amount of those warrants? If the amount is actually on hand, the mere charging of the amount of the warrants outstanding against that amount does not operate to prevent the inclusion of that amount in the surplus balance of revenue or levy on hand at the time of the computation of the tax levies in question.

The judgment of the Court of Tax Review is reversed and the cause is remanded to that court, with directions to apply the rules herein stated to the evidence heretofore taken and to such other evidence as may hereafter be submitted pertaining to the issues in this case.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.