## EXCISE BOARD OF STEPHENS COUNTY v. LOWDEN et al.

No. 29059.    April 4, 1939.

Arthur J. Marmaduke, County Atty., and J. P. Speer, Asst. County Atty., for plaintiff in error.

W. R. Bleakmore, Robert E. Lee, W. L. Farmer, and John Barry, for defendants in error.

WELCH, V. C. J. This case involves the following protest:

"The excise board allocated 5.00 mills to this district and the district voted 10.00 mills additional making a total of 15.00 mills. The district received during the previous year, $1,271.72 unclaimed tax refunds, also $544.90 from income tax for this year. These amounts must be used as a levy reduction and when properly used are the equivalent of a levy of 1.954 mills on $1,022.479 the total assessed valuation of all property in independent school district No. 3.    When 1.954 mills is deducted from the 15.00 mills voted and allocated to this district it will leave a levy of 13.046 mills to be spread against all property in this district subject to this tax.    Also the appropriation of $21,526.67 must be reduced to $19,992.10 to keep within the legal revenue provided."

In support of the protest certain stipulations were filed.  We quote all stipulations aside from those concerning protestant's capacity to maintain the protest, as follows:

"By Protestant: The bone of contention is in the previous year they received as unclaimed protest tax refunds $1,271.72.  We say that this should be a levy reduction, and they don't.  That's our contention.  By the County Attorney: It is stipulated for the purpose of this record that the amount of $1,271.72 was received by independent school district No. 3 for the fiscal year 1937, and it has not been used as a levy reduction for this year's budget.  It is stipulated that the amount of $544.90 income tax for the year 1937 is accounted for in our budget."

In addition thereto the entire budget and financial statement was introduced in evidence.

The brief of plaintiff in error is devoted largely to a justification of its asserted prior use of the unclaimed tax refunds for the payment of warrants issued prior to this appropriation period.

The brief of defendants in error asserts and carefully points out that there was no evidence to sustain the excise board's assertion that the money had been used for the payment of previous years' warrants, and is devoted to the proposition that section 9 Initiative Petition No. 100, 68 Okla. Ann. Stat. sec. 339, chap. 10, requires that moneys received from unclaimed tax refunds shall be retained as a surplus for the next succeeding year.

We do not consider it necessary to consider the requirements of the cited provisions of Initiative Petition No. 100, supra, nor is it necessary for us to determine whether this record discloses evidence to the effect that such funds had already been used for the payment of warrants, and, if so, whether such funds were properly so used.

It is clearly apparent from this entire record that no legal ground of protest of the current levy is shown, and that there is no evidence to sustain the judgment rendered.

It is contended by protestant in effect that, since the money involved was collected by the school district and should have been retained until the end of the fiscal year and carried forward as a surplus, that such

564

a surplus must be considered as being on hand and producing a levy reduction for the succeeding year, whether in fact it is on hand or not. That is erroneous, because it is the settled law of this state that the appropriating authorities cannot consider as cash items of finance funds which are not actually on hand and unencumbered at the end of the immediately preceding year. In re Tax Protest of St. Louis San Francisco Ry. Co., 170 Okla. 123, 39 P.2d 99; Bristow Battery Co. v. Payne, 123 Okla. 137, 252 P. 423; Gulf, C. & S. F. Ry. Co. v. Excise Board of Love County, 141 Okla. 34, 283 P. 1003; Protest of Bledsoe, 161 Okla. 227, 17 P.2d 979; Protest of Downing, 164 Okla. 181, 23 P.2d 173, and Protest of St. L.-S. F. Ry. Co., 166 Okla. 147, 26 P.2d 744.

In the present case the protestant did not plead or prove that the funds were on hand and unencumbered at the end of the last prior fiscal year. That must be shown, otherwise the protestant has wholly failed to plead or prove any ground of protest.

If we accept as true the protestant's statement that there was no evidence to show that the money had been used to pay warrants, we observe further that the record contains no evidence that the money was on hand, and the burden was on the protestant to make that proof.

The judgment of the Court of Tax Review is reversed, and the protest is denied.

BAYLESS, C. J., and CORN, GIBSON, and DAVISON, JJ., concur.