Betty NEEL, County Treasurer of Cherokee County, Oklahoma, suing for herself and for those County Employees similarly situated, Appellants,

v.

The BOARD OF COUNTY COMMISSIONERS OF CHEROKEE COUNTY, Oklahoma, and the Exercise Board of Cherokee County, Oklahoma, Appellees.

No. 51865.

Supreme Court of Oklahoma.

Sept. 9, 1980.

Jack Bliss, Tahlequah, for appellants.

John W. Russell, Jr., Dist. Atty. by Nathan H. Young, III, Asst. Dist. Atty., Tahlequah, for appellees.

HARGRAVE, Justice.

The County Treasurer of Cherokee County, Oklahoma, Betty Neel, brought this action to obtain a declaratory judgment to

determine the validity of action taken by that county's Excise Board. The factual scenario behind this action is not disputed and is as follows:

In submitting budgetary requests for the fiscal year 1977–1978 each county officer submitted an increase for their deputies. The Board of County Commissioners prepared a budget reflecting these requests and the Commissioners recommended a $40.00 per month pay increase for the deputies employed in the various county offices. As required by statute, that budget was sent to the County Excise Board. Its consideration of the budget submitted led it to determine that if the salaries of the County Commissioners were fully paid from unrestricted highway funds rather than 33% of their salary from that fund, $18,480.00 would be available in the general fund of the county for salary increases. The Board of Commissioners objected to this annual budget which was larger than that sent to the Excise Board, and the Commissioners signed and approved the budget they proposed. The Excise Board signed and approved the higher budget it had approved, completing the stage for this action.

After a hearing the trial court ruled in the last paragraph of its journal entry:

. . . that the Excise Board has only those duties thrust upon them by constitution and statute, and that the actions proposed by the Excise Board in this case exceed that authority. The act of the Excise Board appropriating highway funds to pay the salaries of the Board of County Commissioners is thereby held invalid.

The penultimate paragraph states the rationale behind the trial court's rejection of the authority proffered by the Excise Board as a statutory basis of its decision to approve a budget which pays the Commissioners' salaries from unrestricted highway funds:

The Excise Board relies upon 68 O.S. § 519 to make the appropriation from highway funds in this case. The statute, however, requires a finding of 'insufficient revenue to maintain city and county government of said county out of the General Fund,' and the budget of Cherokee County, as submitted, on its face would contradict that. Total warrants issued for the previous fiscal year are $320,532.00, whereas anticipated income available for the present fiscal year exceeds that by over $50,000.00, being $372,282.00.

■ The plaintiff County Treasurer appealed from the overruling of her motion for new trial wherein a new trial was requested on the basis of insufficient evidence to support the judgment and a statement that the court's ruling is contrary to the applicable statutes, being contrary to law, the exact language being: "The journal entry of the Court is not sustained by sufficient evidence and is contrary to the law." The case of *Federal Corporation v. Independent School District No. 13, Pushmataha County, 606 P.2d 1141 (Okl.App. 1978)*, was approved for publication by the Supreme Court of Oklahoma February 14, 1980, and noted prospective from and after February 8, 1980. The Court stated in summary that under 12 O.S. 1971 § 991(b), a party filing a motion for new trial may not raise allegations of error on appeal which were available but not asserted in the motion for new trial. The Court noted that merely alleging language similar to the statutory language of 12 O.S. 1971 § 651, Sixth, (as was done here) does not direct the trial court's attention to the specific errors urged as appealable and in turn does not preserve error for appellate purposes in light of 12 O.S. 1971 § 991(b). Although the motion for new trial was filed prior to the prospective date of the ruling last discussed and it is thus not controlling, it is advisable to again call attention to that ruling, because if the motion had been filed after February 8, 1980, the ruling in *Federal Corp., supra*, would necessitate dismissal.

Plaintiff's first proposition of error cites 68 O.S. 1971 §§ 2483 [1] and 2485 [2] and 19 O.S.Supp. 1977 § 180.65(f) [3], stating the import of these statutes establishes that the Board of Commissioners may only recommend salaries to be utilized in county offices, but the funding of the amounts thus recommended is the responsibility of the Excise Board.

Be that as it may, 68 O.S. 1971 § 2486 contains the statutory mandate in clear terms which demonstrates when an Excise Board shall be empowered to deny an appropriation made by the County Commissioners:

68 O.S. 1971 § 2486. Meetings of County Excise Board—Organization—Powers and duties

The County Excise Board shall meet at the county seat on the first Monday of July of each year (Section 2494 of this Code), and organize by electing one of its members as chairman, and another as vice–chairman who shall preside in the absence of the chairman, for the purpose of performing the duties required of it by law during such fiscal year. Thenceforth, said board may meet from day to day, or adjourn from day to day and time to time thereafter for said purpose. In its functionings it is hereby declared to be an agency of the State, as a part of the system of checks and balances required by the Constitution, and as such *it is empowered* to require adequate and accurate reporting of finances and expenditures for all budget and supplemental purposes, *charged with the duty of requiring adequate provision for performance of mandatory constitutional and statutory governmental functions* within the means available, *but it shall have no authority* thereafter *to deny any appropriation for a lawful purpose if within the income and revenue provided.* (E. A.)

The inescapable intent of the italicized portion of this statute is to deny the County Excise Board the authority to reject an appropriation made for a lawful purpose if there are sufficient funds to defray the expense, and we so hold. Such a conclusion is confirmed by examining the language of the next following section. Title 68 O.S. 1971 Section 2487 reads as follows in part:

2487. As to each budget, original or supplemental, the County Excise Board shall proceed in the following order:

(1) Examine the financial statements contained therein for the purpose of ascertaining the true fiscal condition

. . .

(2) Examine specifically the several items and amounts stated in the estimate of needs, and if any be contained therein not authorized by law, or that may be contrary to law, said item shall be ordered stricken and disregarded.

. . .

(3) Examine the content of the estimate of needs and if the governing

1. 68 O.S. 1971 § 2483 provides in part as follows:

"Each board of county commissioners . . shall meet on the first Monday in July of each year, . . . and they shall, respectively, make, in writing, a financial statement, showing the true fiscal condition of their political subdivisions as of the close of the previous fiscal year ended June 30th, and an itemized statement of estimated needs and probable income from sources other than ad valorem tax for the current fiscal year. . . ."

2. 68 O.S. 1971 § 2485 provides in part as follows:

"Each officer, board or commission of any county, city, school district, or town, and all employees charged with the management or control of any department or institution of either thereof, shall on or before the first Monday in July of each year, make and file with the Board or Commission charged with the duty of reporting to the excise board, a report in writing showing, by classes, the earnings and cost of maintaining their respective offices or departments for the previous fiscal year, together with an itemized statement and estimate of the probable need thereof for the current or ensuing fiscal year. . . ."

3. In part, 19 O.S. 1977 Supp. § 180.65, subparagraph (f) provides as follows:

"The Board of County Commissioners shall continue to have the authority to RECOMMEND the total amount of funds that can be used for the combined salaries in each of the County offices covered by this Act, and the approval of said funding for such offices shall continue to be the responsibility of the county excise board. . . ." (E. A.)

board has failed to make provision for mandatory governmental functions the County board shall . . . prepare an estimate . . . and cause publication thereof . . . .

(4) Compute the total means available to each fund (except the sinking fund) by the converse of the formula provided by law for computing the tax levy . . . . .

(5) *If the total of the several items of estimated needs for lawful purposes as heretofore ascertained is within the income and revenue lawfully available, the excise board shall approve the same and compute the levy required.* (E. A.)

We cannot but conclude that under the authority previously discussed the County Excise Board had no authority to strike from the general fund an appropriation (here for salaries) of the Board of County Commissioners, although under 68 O.S. 1971 § 2487(3), the excise board could utilize the authority of subsection (3) to raise an estimate if it was deemed inadequate after an

estimate was published in accord with the provisions of the full subsection.[4]

■ The record contains no indication the excise board published an estimate of additional funds, as required by the case of *Protest of Chicago, R.I. & P. Ry. Co., 150 Okl. 167, 1 P.2d 383 (1931).* In that action, this Court construed C.O.S. 1921 § 9698[5] which then contained language operatively similar to 68 O.S. 1971, 1979 Supp. § 2487(3)[6] (the presently operative statute), and 68 O.S. 1971 § 2487(3) (the statute governing this action.) Upon consideration of this provision the Court held:

The county excise board is authorized by the provisions of 9698 C.O.S. 1921, under the limitations therein imposed, to increase or decrease items thereof, strike items therefrom, or add items thereto, when in its opinion the needs of the municipality shall require, *and no such increase or addition may be made until notice thereof has been given by publication as therein provided.* (E. A.)

4. (3) Examine the content of the estimate of needs, and if the governing board has failed to make provision for mandatory governmental functions, whether such mandate be of the Constitution or of the Legislature, or if the provision submitted by estimate be deemed inadequate, the county excise board shall, whether on request in writing by the officer charged with a mandatory duty or on its own volition, prepare an estimate by items and amounts, either by the items submitted or by additional items, and cause publication thereof in some newspaper of general circulation in the county, in one issue if published in a weekly paper, and in two consecutive issues if published in a daily paper, and thereafter attach such estimate, together with affidavit and proof of publication, to that submitted by the governing board, for further consideration. However, nothing herein contained shall prevent any governing board, upon a timely finding that its estimate of needs as first filed is inadequate, from filing a written request with the excise board to increase such estimate as to any item or items, whether mandatory or not; whereupon the excise board shall cause publication thereof, as aforesaid, at the expense of the municipality.

5. C.O.S. 1921 § 9698 read in part:
The said board shall have power and authority to revise and correct any estimate certified to them by either striking items therefrom, increasing, or decreasing items thereof, or adding

items thereto, when in its opinion the needs of the municipality shall require. All revisions and correction shall be as to specific items of the estimate and in no event shall any item or items of the estimate for current expense purposes be increased, or any item added thereto, until such proposed increased or additional item shall have been advertised and published by the excise board in some newspaper of general circulation in the county, . . .

6. 68 O.S. 1971 1979 Supp. § 2487(3) and 68 O.S. 1971 § 2487(3) read in part:
(3) Examine the content of the estimate of needs, and if the governing board has failed to make provision for mandatory governmental functions, whether such mandate be of the Constitution or of the Legislature, or if the provision submitted by estimate be deemed inadequate, the county excise board shall, whether on request in writing by the officer charged with a mandatory duty or of its own volition, prepare an estimate by item and amounts, either by the items submitted or by additional items, and cause publication thereof in some newspaper of general circulation in the county, in one issue if published in a weekly paper, and in two consecutive issues if published in a daily paper, and thereafter attach such estimate, together with affidavit and proof of publication, to that submitted by the governing board, for further consideration.

The plaintiff appellant contends here that the provisions of 68 O.S. 1979 Supp. § 519 are the authority for the excise board to pay the salaries of the commissioners from any fund apportioned to the county.

68 O.S. 1979 Supp. § 519 relates to apportionment of motor fuel taxes and contains the following language in the last paragraph of subsection (a):

> . . . Provided, further, that in all counties where the county excise board of any county may find it necessary, because of insufficient revenue to maintain city and county government of such county out of the general fund, after a levy of ten (10) mills has been made for any fiscal year, the county excise board may appropriate out of any of such funds apportioned to such county an amount sufficient to pay the salaries of the county commissioners of such county for such fiscal year.

■■ Under the last quoted statute the power to pay the salary of the commissioners from the county highway fund exists but the facts here disclosed by the record on appeal admit of no error on the part of the trial court in denying the applicability of the statute under these facts. This is demonstrated by the last page of a plaintiff's exhibit which contains the excise board's certification of current expenses and income, and find disclosed on the face of the document an excess of assets over liabilities held as cash on hand of $50,250.49. The trial court correctly ruled that the last mentioned section did not authorize payment of the commissioners' salary out of the highway fund account. Similarly, the excise board had no authority to strike the lower salary item from the general fund account, it being a lawful item of expense and within the revenue provided. Accordingly, the judgment of the trial court should be and hereby is AFFIRMED.

All Justices concur.